[Civil No. 1924.   Filed January 20, 1922.]

[203 Pac. 565.]

## ALVA B. WISER, Appellant, v. AYLMA CANNON COPELAND and STANLEY COPELAND, Her Husband, Appellees.

1. APPEAL AND ERROR—FINDING ON DEFENSE OF CONTRIBUTORY NEGLI-
   GENCE BY JURY IS BINDING ON COURTS.—In an action for negligent
   injuries by an automobile, where there was sufficient evidence of
   defendant's negligence to send the case to the jury, under Constitu-
   tion, article 18, section 5, providing that the defense of contribu-
   tory negligence or assumption of risk shall in all cases be a ques-
   tion of fact and be left to the jury, the finding of the jury upon
   the defense of contributory negligence is binding on the courts.

2. TRIAL—ADMONITION OF COURT AGAINST OBJECTIONS TO ARGUMENT
   OF COUNSEL, WITHOUT STATING SPECIFIC GROUNDS THEREFOR, WAS
   NOT ERROR.—Where the disparity between the argument of plain-
   tiff's counsel and the evidence concerning the condition of a side-
   walk was very slight, the action of the court in admonishing
   defendant's counsel, who had made several objections, not to inter-
   rupt counsel, was not a comment on the evidence where objections
   were not specific.

3. TRIAL — OBJECTIONS TO ARGUMENT OF COUNSEL SHOULD BE STATED
   WITH SPECIFIC REASONS.—Where objections are made to argument
   of counsel, they should be specific, and the reasons for them stated.

4. MUNICIPAL CORPORATIONS—REFUSAL TO CHARGE THAT PERSON ABOUT
   TO CROSS STREET, AND NEGLECTING TO LOOK BOTH WAYS FOR

4.  Rights and duties of pedestrians and vehicles on highways, notes, 4 Ann. Cas. 398; Ann. Cas. 1914A, 249.

VEHICLES, IS NEGLIGENT AS A MATTER OF LAW HELD NOT ERROR.—
In an action for damages because of injury by an automobile, a
refusal to charge that person about to cross a street, neglecting to
look both ways for vehicles, is negligent as a matter of law, was
not error, as a pedestrian is required under such circumstances to
exercise only reasonable care.

5. MUNICIPAL CORPORATIONS—TRIAL—REQUESTED INSTRUCTION, WHICH
WAS MISLEADING AND UNDULY STRESSED EVIDENCE, WAS PROPERLY
REFUSED.—In an action for injuries by an automobile in which the
gravamen of the action is that defendant was negligent in the use
of the road, an instruction that defendant had a right to drive
his automobile on any part of the right side of the road, and that
he could not be found guilty of negligence merely because he drove
his automobile partly on the unpaved portion of the road, was mis-
leading, as treating defendant's rights without relation to the
rights of the plaintiff, and erroneous as laying undue stress on one
fact to the exclusion of all others proper to be considered in deter-
mining the issue of negligence.

APPEAL from a judgment of the Superior Court
of the County of Maricopa. F. H. Lyman, Judge.
Affirmed.

Mr. F. C. Struckmeyer and Mr. C. E. Johns, for
Appellant.

Mr. F. H. Swenson and Mr. M. J. Dougherty, for
Appellees.

FLANIGAN, J.—The appellee, Aylma Cannon
Copeland, between the hours of 8:30 and 9 o'clock of
the night of June 9, 1920, while walking in a westerly
direction on the north side of McDowell road, near
Phoenix, in Maricopa county, was run down and in-
jured by an automobile driven by appellant, traveling
in the same direction with her on said road. This
action was brought by appellee, and Stanley Cope-
land, her husband, against appellant, Wiser, as de-
fendant, to recover in damages for the injuries so
occasioned. The complaint alleged that the collision
and the consequent injuries to the appellee were the

result of the acts of the defendant in driving his car
in a negligent and reckless manner, and, amongst
other particulars of such negligent operation, alleged
the failure of defendant to give warning of the ap-
proach of the car, or to have it under control, or to
bring it to a standstill, or to slacken its speed after
defendant had discovered the presence of said appel-
lee on the road. The answer of the defendant was
a denial of these allegations of negligence and a plea
of negligence on the part of appellee, in that she
failed to take due precautions for her own safety, or
to observe the approach of the automobile, and that
she had voluntarily left a place of safety on the side-
walk on the north of the road and stepped in the path
of vehicles passing upon said road, including the
vehicle of defendant. The case was tried before a
jury, which returned a verdict in favor of plaintiffs,
and the defendant has appealed from the judgment
rendered on such verdict and an order denying him a
new trial.

The first assignment of error is that the verdict and
judgment were not justified by the evidence, and are
contrary to law, in that the evidence adduced at the
trial conclusively shows appellee to have voluntarily
left a place of safety and gone into a place of peril
or danger, to her injury. The place of safety which
appellee left was the sidewalk on the north of the
road, and it is contended that appellee had no right
to choose whether she would walk there or on the
road, the latter being a path of danger, but must per-
force have continued on the walk, even though it was,
as she testified, muddy and unfit for the use of a
pedestrian. And, say counsel, assuming that the side-
walk was impassable and an emergency therefore ex-
isted releasing appellee from the operation of this
rule then, because, in fact, appellee was attempting to
cross the road, her contributory negligence was no

longer a question of fact for the jury, but one of law
for the court. The assumption that appellee was at-
tempting to cross the road was founded, however,
merely upon the evidence of appellant and his wit-
nesses that when struck by the automobile appellee
was facing in a southwesterly direction; and, as the
fact itself was denied by appellee in her testimony, it
would appear that the assumption made was in very
truth, as counsel for appellant say in their brief,
"one of the theories of the defense," in the sense at
least that the assumption was disputed.

Notwithstanding this admitted conflict it is claimed
on the authority of *Twohy Bros. Co.* v. *Kepon,* 21
Ariz. 606, 193 Pac. 297, that as the whole testimony
and all legitimate inferences therefrom show that
plaintiff was injured by reason of her own want of
ordinary care, the question of her negligence is for
the court, and not for the determination of the jury.
In the case cited the undisputed facts were that the
injured person, after being warned of the impending
danger from a blast, had left a place of safety, and
gone into a place of danger to his injury, and the de-
cision was expressly based upon the unquestioned
facts in the case, which established that the sole cause
of plaintiff's injuries was his own negligent and reck-
less act.

The appellant would have us disregard also the
evidence showing that he himself was negligent, which
we cannot do if we are to consider "the whole tes-
timony and all inferences therefrom." That there
was testimony tending to prove that the injuries to
appellee were occasioned by the negligence of the de-
fendant is not questioned, nor (other than as above
stated) has any attempt been made to show its in-
sufficiency to that end. The questions made are there-
fore within the ruling of *Inspiration Consolidated
Copper Co.* v. *Conwell,* 21 Ariz. 480, 190 Pac. 88, and

*Davis* v. *Boggs,* 22 Ariz. 497, 199 Pac. 116, to the effect that, as under our constitutional provision "the defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury" (Const., art. 18, § 5), the jury is the sole arbiter of the existence or nonexistence of contributory negligence in all actions for personal injuries. As the record shows that there was sufficient evidence of the appellant's primary negligence to send the case to the jury, the finding of the jury upon the defense of contributory negligence is therefore binding upon the courts, and the assignment of error must be held to be without merit.

The next assignments of error are based upon the alleged improper statements of counsel for appellee (Mr. Dougherty) and the remarks of the court in answer to the objections of counsel for appellant (Mr. Struckmeyer) in the argument to the jury:

"Mr. Dougherty: They talk about a sidewalk out there. The testimony there is the remains of one, an old sidewalk that has been grown over with grass, that had been flooded—

"Mr. Struckmeyer: I object to that, if your honor pleases.

"Mr. Dougherty: —that it is unfit for a pedestrian and—

"Mr. Struckmeyer: I object to that.

"Mr. Dougherty: I haven't time to fool with you. The necessity therefore for traveling upon the road is very apparent. There is the only road that—

"Mr. Struckmeyer: I object.

"The Court: Don't interrupt counsel when he is addressing the jury."

The substance of the contentions made by appellant is that there was no evidence upon which appellee's counsel could base his assertions even as a reasonable inference, and that the remark of the court constituted

a comment on the weight of the evidence favorable to appellee and unfavorable to appellant.

There was testimony to show that the sidewalk at the place where appellee left it was but little used, and that it was grown up on the sides with grass, and had been flooded numerous times; appellee testified that water was standing on the sidewalk that night, that it was muddy there, and that she walked on the street to keep out of the mud and water.

It is to be noted that the disparity of fact between the testimony on that issue and the argument of counsel is not only very slight, but that counsel for appellant did not enter on the record the specific grounds of his objections in any of his interruptions. The objections should have been specific, and the reason for making them should have been stated. 38 Cyc. 1508. The admonition of the judge was made only after appellant's counsel had objected to the statements by counsel of the inferences that the sidewalk was unfit for a pedestrian, and that it was necessary therefore to travel on the road. We think the remarks of the court must be taken as an admonition to counsel not to continue to interrupt the argument by objections for which no ground appeared or was stated, and in no respect constituted a comment on the weight of the evidence.

The court's refusal to give the following instruction:

"I charge you that if a man or woman starts—although he or she has a right to do so—across a street without looking for vehicles in both directions passing across his path, or likely to cross his path, as she or he goes to cross the street, that man or woman is negligent as a matter of law, because he or she has neglected a duty which both the law and common sense cast upon all persons, namely, to take reasonable precautions to avoid dangers reasonably to be anticipated."

—is assigned as error. Even assuming that the evidence (already adverted to) was sufficient to justify the inference that appellee was about to cross the street, the instruction asked was wrong for the reason that the law imposes no such duty upon a pedestrian under the circumstances supposed. A pedestrian is not bound, before attempting to cross a street, as a matter of law, to look both ways for approaching automobiles. The requirement is to exercise reasonable care. 2 R. C. L. 1186.

"The simple rule is that drivers on the streets and pedestrians, each recognizing the rights of the other, are required to exercise reasonable care." *Barbour v. Shebor,* 177 Ala. 304, 58 South. 276.

Finally, complaint is made of the refusal of the judge of the trial court to give the following instruction, requested by appellant:

"You are instructed that the defendant had the legal right to drive his vehicle upon any part to the right of the said McDowell road, whether the same was that part described in evidence as paved or unpaved, and you cannot find him guilty of negligence merely because you may find that he drove his machine in part upon the unpaved portion of said road"—and asserts that in the trial of the case below counsel for appellee "ever pointed his finger to the fact that at the time of the accident appellant was driving with his two right wheels off the pavement. It was to correct any erroneous impression which the jury might gather from the stress of that point that counsel asked for the declaration by the court of the substantive law relating to the respective rights and duties of users of the highway, to be met with refusal."

We think the instruction requested had a tendency to mislead the jury by treating appellant's rights without relation to the rights of appellee, and by laying undue stress on one fact in the case to the exclusion of all others proper to be considered in deter-

mining the vital issue of negligence. Appellant's legal right to drive his car on any part of McDowell road was not to be exercised without respect to the rights of others who might be lawfully using that highway. It was his duty, while driving his car, to exercise ordinary care to avoid injury to persons lawfully in the street, and the duty of such persons to exercise the same degree of care for their own safety. The law implies reciprocal obligations. Huddy on Automobiles, 5th ed., § 414, and cases cited; 2 R. C. L., p. 1186.

The gravamen of this action is that the appellant was guilty of negligence in his use of the road, to the injury of appellee. The jury might well have concluded that if the appellant had not been negligent in the driving of his car (in fact, partly upon the unpaved portion of the road) that the injuries would not have been inflicted. The instruction in such event, that negligence could not be predicated of the act of appellant merely because it took place in part upon the unpaved portion of the road, would inevitably tend to mislead and confuse the jury as to the precise legal bearing of the act of appellant thus singled out on the issue of negligence—an issue properly to be determined only upon consideration of all the circumstances of the case.

No error appearing, the judgment must be affirmed.

ROSS, C. J., and McALISTER, J., concur.