HERRON *v.* SOUTHERN PACIFIC COMPANY.

No. 131. Submitted March 2, 1931.—Decided April 13, 1931.

*Messrs. P. H. Hayes, M. J. Dougherty,* and *J. A. Walsh* were on the brief for Herron.

*Messrs. Charles H. Bates, Alexander B. Baker,* and *Louis B. Whitney* were on the brief for the Southern Pacific Co.

Mr. Chief Justice Hughes delivered the opinion of the Court.

This action was brought in the District Court of the United States for the District of Arizona to recover damages for personal injuries resulting from a collision between the plaintiff's automobile and the defendant's train. The accident occurred in Phoenix, Arizona. At the close of the testimony on the part of the plaintiff, the court directed a verdict for the defendant, upon the ground that the plaintiff was guilty of contributory negligence. The plaintiff appealed to the Circuit Court of Appeals. That court states that, if the court below was at liberty to follow the settled rule in the courts of the United States that " whenever, in the trial of a civil case, it is clear that the state of the evidence is such as not to warrant a verdict for a party, and that if such a verdict were rendered, the other party would be entitled to a new trial, it is the right and duty of the judge to direct the jury to find according to the views of the court " (*Barrett* v. *Virginian Railway Co.*, 250 U. S. 473, 476), the action of the trial court was justified. But section 5, article 18, of the constitution of Arizona provides: " The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

In view of this requirement, the Circuit Court of Appeals has certified the following questions of law for the decision of this Court:

" First. Is the above provision of the constitution of the State of Arizona binding and controlling upon a Federal court sitting in that State? Or, putting the question in another form:

" Second. May a Federal court sitting in the State of Arizona direct a verdict for the defendant in an action to recover damages for personal injuries, when it appears as a matter of law that the plaintiff was guilty of contribu-

tory negligence, notwithstanding the state constitutional provision to the contrary?"

Construing the constitutional provision, the Supreme Court of Arizona in *Inspiration Consolidated Copper Co.* v. *Conwell*, 21 Ariz. 480, 486, 487; 190 Pac. 88, 90, 91, said: " The language of the provision is plain and unambiguous, and to our minds clearly indicates that the power or duty to finally and conclusively settle the question of contributory negligence or assumption of risk is, by its terms, transferred from the court to the jury. . . . We think that the evident purpose and intent of the provision is to make the jury the sole arbiter of the existence or non-existence of contributory negligence or assumption of risk in all actions for personal injuries." [1]

It does not appear to be insisted by the appellant, and it could not be maintained, that this constitutional provision must be followed by the federal courts by virtue of the Conformity Act. U. S. C., Tit. 28, § 724. The State, without violating the requirements of due process, may provide such a rule for its own courts, as it may do away with the jury altogether (*Chicago, Rock Island & Pacific Ry. Co.* v. *Cole*, 251 U. S. 54, 56), but in view of its nature and effect, the rule cannot be regarded as one that relates merely to practice or to a " form " or " mode of proceeding." The provision " cuts deep into the right, observed at common law, by which a defendant can obtain a decision by the court, upon a proven state of facts." *Atchison, Topeka & Santa Fé Ry. Co.* v. *Spencer*, 20 F. (2d) 714, 716. Even with respect to the burden of proof as to contributory negligence, this Court has said: " But it is a misnomer to say that the question as to the burden of proof as to contributory negligence is a mere matter

---

[1] See, also, *Davis* v. *Boggs*, 22 Ariz. 497; 199 Pac. 116; *Wiser* v. *Copeland*, 23 Ariz. 325; 203 Pac. 565; *Varela* v. *Reid*, 23 Ariz. 414; 204 Pac. 1017; *Morenci Southern Ry. Co.* v. *Monsour*, 24 Ariz. 49; 206 Pac. 589; Cf. *Southern Pacific Co.* v. *Fisher*, 35 Ariz. 87; 274 Pac. 779.

of state procedure. For, in Vermont, and in a few other States, proof of plaintiff's freedom from fault is a part of the very substance of his case. . . . But the United States courts have uniformly held that as a matter of general law, the burden of proving contributory negligence is on the defendant. The Federal courts have enforced that principle, even in trials in States which hold that the burden is on the plaintiff." *Central Vermont Ry. Co.* v. *White,* 238 U. S. 507, 512. See, also, *Beutler* v. *Grand Trunk Junction Ry. Co.,* 224 U. S. 85, 88.

Nor is the provision applicable, which the appellant invokes, that "the laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply." U. S. C. Tit. 28, § 725. The controlling principle governing the decision of the present question is that state laws cannot alter the essential character or function of a federal court. The function of the trial judge in a federal court is not in any sense a local matter, and state statutes which would interfere with the appropriate performance of that function are not binding upon the federal court under either the Conformity Act or the "rules of decision" Act. Thus, a federal court is not subject to state regulations, whether found in constitutional provisions or in statutes, providing that the court shall not give an instruction to the jury unless reduced to writing, or that written instructions shall be taken by the jury in their retirement (*Nudd* v. *Burrows,* 91 U. S. 426, 441, 442; *Lincoln* v. *Power,* 151 U. S. 436, 442); or that the court shall require the jury to answer special interrogatories in addition to their general verdict (*Indianapolis & St. Louis R. Co.* v. *Horst,* 93 U. S. 291, 300); or that the court shall not express any opinion upon the facts (*Vicksburg & Meridian R. Co.* v. *Putnam,* 118 U. S. 545, 553), or charge the jury with regard to matters of fact (*St. Louis,*

*Iron Mountain & Southern Ry. Co.* v. *Vickers*, 122 U. S. 360, 363) ; or shall not direct a verdict, where the evidence is such that a verdict the other way would be set aside (*Barrett* v. *Virginian Railway Co., supra*).

In a trial by jury in a federal court, the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law. This discharge of the judicial function as at common law is an essential factor in the process for which the Federal Constitution provides. As was said by Mr. Justice Story, in *United States* v. *Battiste*, 2 Sumner, 240, 243 : " It is the duty of the Court to instruct the jury as to the law; and it is the duty of the jury to follow the law, as it is laid down by the Court."

" Trial by jury," said the court in *Capital Traction Co.* v. *Hof*, 174 U. S. 1, 13, 14, " in the primary and usual sense of the term at the common law and in the American constitutions, is not merely a trial by a jury of twelve men before an officer vested with authority to cause them to be summoned and empanelled, to administer oaths to them and to the constable in charge, and to enter judgment and issue execution on their verdict; but it is a trial by a jury of twelve men in the presence and under the superintendence of a judge empowered to instruct them on the law and to advise them on the facts, and (except on acquittal of a criminal charge) to set aside their verdict if in his opinion it is against the law or the evidence." See, also, *United States* v. *Philadelphia & Reading R. Co.*, 123 U. S. 113, 114; *Patton* v. *United States*, 281 U. S. 276, 288, 289.

Where, in an action in a federal court to recover damages for personal injuries, contributory negligence or assumption of risk constitutes a defense,[2] and, by reason of

---

[2] Under the Federal Employers Liability Act (U. S. C., Tit. 45, § 53) contributory negligence is not a defense but only goes in mitigation of damages. *Chicago, Rock Island & Pacific Ry. Co.* v. *Ward*, 252 U. S. 18, 21, 23; *Grand Trunk Western Ry. Co.* v. *Lindsay*, 233 U. S. 42, 49. As to the defense of assumption of risk under that Act, see

the facts being undisputed and of the absence of conflicting inferences, the evidence of contributory negligence or assumption of risk is conclusive and the question is one of law, the judge has the right and duty to direct a verdict for the defendant. *Railroad Company* v. *Houston,* 95 U. S. 697, 702; *Northern Pacific R. Co.* v. *Freeman,* 174 U. S. 379, 384; *Southern Pacific Co.* v. *Berkshire,* 254 U. S. 415, 418, 419; *Baltimore & Ohio R. Co.* v. *Goodman.* 275 U. S. 66, 69, 70.

*The first question is answered, " No "; the second, " Yes."*

*Seaboard Air Line Ry.* v. *Horton,* 233 U. S. 492; *Jacobs* v. *Southern Railway Co.,* 241 U. S. 229, 235; *Chicago, Rock Island & Pacific Ry. Co.* v. *Ward, supra.* See, also, Longshoremen's & Harbor Workers' Compensation Act (U. S. C., Tit. 33, § 905); *Nogueira* v. *New York, New Haven & Hartford R. Co.,* 281 U. S. 128, 131, 137.