**BROWN v. SOUTHERN RY. CO.**

**PENNINGTON v. SAME.**

Nos. 6657, 6658.

Circuit Court of Appeals, Fifth Circuit.

Oct. 24, 1932.

Herschel P. Cobb and O. E. Bright, both of Savannah, Ga., for appellants.

Edmund H. Abrahams, John J. Bouhan, and David S. Atkinson, contra, all of Savannah, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

These two cases present practically identical questions and may be conveniently disposed of by one opinion.

These suits were dismissed on demurrers. The material facts alleged by the petitions, as amended, are substantially these. Pennington was a passenger in a Ford automobile driven by one Holbert Smith. Brown was the driver of an Oldsmobile automobile. Shortly after midnight, on July 27, 1930, both cars were proceeding along the Louisville Road in the direction of Savannah, Ga., at a speed of approximately 30 miles an hour. The night was dark. The road was paved and level up to a point about 20 feet from a railroad crossing. The track was elevated 2 or 3 feet above the ordinary level of the road. The cars collided with a freight car, owned by appellee, which was standing across the road with its wheels on either side of the road. The drivers were observing the road, which the lights of the automobiles disclosed for about 100 to 150 feet ahead, but, owing to the elevation of the track, the fact that the freight car stood above the track, and the lights of the automobile did not disclose its presence until the automobiles had approached to within 20 feet of the car, they did not see the obstruction until too late to avoid it.

It is alleged that appellee was negligent in obstructing the road with the freight car, without having gates to guard the approach, without any lights upon the car and without any one to act as a guard to warn approaching motorists; that no bell or whistle signals were given to indicate the presence of the car.

We have had occasion to consider this same accident in the case of Smith v. Southern Railway Co., 53 F.(2d) 186. In that case upon practically identical allegations of fact we held that the driver of the car was lacking in ordinary care in failing to have his machine so under control as to be able to stop it before colliding with a stationary obstruction in the roadway ahead, which before it was reached was disclosed by the automobile lights. Baltimore & Ohio R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645; Herron v. Southern Pacific Co., 283 U. S. 91, 51 S. Ct. 383, 75 L. Ed. 857.

That Pennington was a passenger does not alter the situation in his favor. He was not chargeable with the negligence of the driver although he might have been guilty of contributory negligence barring recovery if by failure to exercise ordinary care he did not see the obstruction and did not warn the driver in time for its avoidance. Bradley v. Mo. Pac. R. Co. (C. C. A.) 288 F. 484; Garrett v. Pennsylvania R. Co. (C. C. A.) 47 F.(2d) 10. As the defense of contributory negligence would depend upon pleading and proof by appellee, we may pass that without decision. However, there is no doubt that the negligence of the driver was the proximate cause of the accident and therefore the passenger could not recover. Orton v. Pennsylvania R. Co. (C. C. A.) 7 F.(2d) 36; Brinson v. Davis, 32 Ga. App. 37, 122 S. E. 643; Cent. of Ga. R. Co. v. Adams, 39 Ga. App. 577, 147 S. E. 802; Tidwell v. Atlanta B. & C. R. R., 42 Ga. App. 744, 157 S. E. 535.

The demurrers were properly sustained. The records present no reversible errors.

The judgment in each case is affirmed.