**PROBERT v. CHICAGO, I. & L. RY. CO.**

No. 6290.

Circuit Court of Appeals, Seventh Circuit.

Dec. 11, 1937.

Clyde L. Day, Howard W. Hayes, and Raymond B. Morris, all of Chicago, Ill., for appellant.

John D. Black, George B. Christensen, and Douglas C. Moir, all of Chicago, Ill., for appellee.

Before EVANS, Circuit Judge, and LINDLEY and BALTZELL, District Judges.

BALTZELL, District Judge.

This is an action wherein appellant sought to recover damages from appellee for injuries which are alleged to have been sustained because of certain acts of negligence on the part of appellee in the operation of one of its trains. The declaration is in three counts. The act of negligence charged in the first count is that appellee failed to warn appellant that its engine, with freight cars attached, was obstructing the public highway upon which he was traveling in an automobile. The second count charges that, at the time of the accident, the follow-

ing statute was in force in the state of Indiana, the state in which the accident occurred, to wit: "Whoever, being a conductor or other person having charge of, or running a railroad train, carrying, or used for carrying, freight, permits or suffers the same, or any car or locomotive engine composing the same, to remain standing across any public highway, street, alley or farm crossing, or who, whenever it becomes necessary to stop such train across any public highway, street, alley or farm crossing fails or neglects to leave a space of sixty (60) feet across such public highway, street, alley or farm crossing, shall be fined." 4 Burns' Revised Statutes Annotated, 1933, § 10-3904.

It is further charged in this count that appellee violated the provisions of the statute in that it failed to leave a space of 60 feet over the highway as therein provided. The third count charges that appellee failed to ring the bell on the engine continuously until it had fully passed the highway crossing, in violation of an Indiana statute. 4 Burns' Revised Statutes Annotated, 1933, § 10-3912. The acts of negligence charged are alleged to have been the proximate cause of the accident in which appellant received his injuries.

The case was tried to a jury, and, at the close of the evidence introduced on behalf of appellant, the district court sustained appellee's motion for a directed verdict in its favor and directed the jury to return such a verdict. The jury returned a verdict for appellee and the court rendered judgment thereon, from which judgment this appeal is being prosecuted. The only question presented is whether or not the District Court erred in giving a directed verdict in favor of appellee.

At all times with which we are here concerned, appellee owned and operated a railroad extending from the city of Chicago, through the state of Indiana, to the city of Louisville, Ky. On October 3, 1932, a freight train was being operated upon its railroad and reached Wanatah, Ind., at about 4:30 o'clock that morning. The railroad extends in a northerly and southerly direction at that place, and the train was traveling in a northerly direction. It consisted of a locomotive engine, tender, caboose, and several freight cars. At Wanatah, and just before it reached the Pennsylvania Railroad crossing, it cut off all of its cars except a "deadhead" caboose and two low-sided coal cars, one of which was loaded with wheels and the other with coal.

The train then consisted of the engine, tender, "deadhead" caboose, and the two cars in the order named. About a fourth of a mile north of Wanatah there is a public highway, which is known as U. S. highway No. 30 and which extends in an easterly and westerly direction and crosses over the tracks of appellee's railroad at that point. In addition to the main track, there is also a switching track which crosses the highway at that point and joins the main track a short distance north of the highway crossing.

At about 3:30 o'clock on that morning (October 3, 1932), appellant, his brother Edward, and a young man by the name of Stolarsky, left their home in Chicago, Ill., in a Chevrolet coupé, en route to Steubenville, Ohio. Edward was driving the automobile. Appellant, who had never driven an automobile, was seated next to the door on the right-hand side, holding on his lap a Boston bull dog named "Packey." Seated between the two Proberts was Stolarsky. Shortly after leaving their home, they entered U. S. highway No. 30 and continued traveling in an easterly direction upon that highway, until they reached the point where it crossed the railroad track of appellee just north of Wanatah, Ind. This point was reached shortly after 5 o'clock that morning. A short time prior thereto, the train, consisting of an engine, tender, "deadhead" caboose, and two freight cars, (gondolas) on appellee's road, had passed over this highway crossing going north and stopped just as the last car had cleared the switch, a short distance north of the highway crossing. The purpose of its movement was to place the last car, which was loaded with coal, on the switch, and to leave it at a point a short distance south of the highway crossing. As the train passed over the crossing going north, the rear brakeman got off at the highway crossing to guard it. The other brakeman got off the train at a point where it cleared the switch and opened it so that the train could enter. He remained at that point. The train then backed on the switch, and, as the second car passed over the crossing, the rear brakeman, who was guarding the crossing, boarded it so that he could uncouple the coal car. At the time the train stopped for the uncoupling of the coal car, the rear end of the tender was just south of the center of the highway. The engineer was seated in the cab of the engine, watching for the signal of the brakeman to pull out. The signal was given at a

time when the train had been over the highway crossing just long enough for the brakeman to uncouple the coal car, not to exceed two minutes. The engineer opened the throttle, and the train moved forward about 10 feet, when he saw the lights of the automobile in which appellant was riding, as a gratuitous passenger, approaching on the highway from the west at such a rate of speed that he believed it could not be stopped in time to avoid striking his train. He immediately stopped the train before the automobile struck it.

The automobile struck the "deadhead" caboose at a point near the front trucks. It struck with such force that the caboose was derailed, even though it weighed approximately 37,000 pounds. The driver of the automobile was killed, and appellant was injured. The engineer testified positively, and it was not contradicted, that the headlights on the engine, and the light in the cab, were burning, and that the bell was ringing at all times, and continued to ring after the accident. The engineer further testified that it was daybreak, and that in assisting the injured he could see distinctly and did not need a flashlight. It had been raining some during the night and was slightly misty that morning. The highway was straight for at least 1½ miles west of the crossing, and there was nothing to obstruct the view of one approaching it from that direction. The caboose had windows in its sides and there was an oil lamp burning within at the time the automobile collided with it. Regular highway signs, warning that a railroad crossing was being approached, were displayed, as provided by statute.

Appellant testified that the last thing he remembered before the accident was that he was trying to make "Packey" (the Boston bull dog) more comfortable on his lap, and that he was "not concerned in driving of a car." He further said "I did not pay any attention to that feature. I had implicit faith in my brother's driving and I didn't pay any attention to that." Stolarsky, however, testified that he heard appellant, just before the accident, say "Look out, Ed."

The negligence alleged in the first count of the declaration is that appellee failed to warn appellant that its train was across the highway upon which he was traveling. It must be kept in mind that the uncontradicted evidence establishes the fact that there were warning signs along the highway as he approached the crossing. These signs served notice upon him that he was about to cross a railroad track, and that he must exercise ordinary care for his safety. Furthermore, a caboose weighing approximately 37,000 pounds, and in which an oil lamp was burning, was standing across the highway at the time he approached the crossing. The headlights on the automobile in which he was riding were burning, and the brakes were in good working condition.

Any negligence on the part of the driver cannot be imputed to appellant, but it cannot be said that, because he was a gratuitous passenger, he was relieved from the exercise of ordinary care for his own safety. Even though he may have exercised ordinary care for his own safety, if the proximate cause of the accident was the negligence of the driver of the automobile, he cannot recover. In the case of Brown v. Southern Railway Company, 61 F.2d 399, 400 (C.C.A.5), the court was confronted with a situation very similar to the one with which we are here confronted. In that case an automobile collided, in the nighttime, with a freight car standing upon a highway crossing. One of the negligent acts charged was the lack of warning on the part of the railway company. In the course of its opinion, the court said, "There is no doubt that the negligence of the driver was the proximate cause of the accident and therefore the passenger could not recover."

Appellee had the right to use the switching track and the main track, both of which crossed U. S. highway No. 30, for the purpose of moving its trains over them, and it was in the exercise of that right at the time of the accident. It was doing nothing more than was necessary in the performance of its legitimate work, that is, the placing of a car of coal on its switching track. No longer time was consumed than was reasonably necessary in the performance of that work. It was not necessary that it have a light on each of its freight cars as they passed over the crossing. Nothing in the evidence indicates that it was unnecessarily using such crossing, and no negligent acts on its part, as alleged in the first count of the declaration, are shown in that connection. See Orton v. Pennsylvania Railroad Co., 7 F.2d 36, 38 (C.C.A.6); Evans v. Erie Railroad Co. (C.C.A.) 213 F. 129; Sisson v. Southern Ry. Co., 62 App.D. C. 356, 68 F.2d 403.

The second count of the declaration charges the violation of an Indiana statute,

Burns' Ann.St.1933, § 10-3904, which, in substance, provides that no train shall "remain standing across any public highway" but when necessary to stop while the cars are on a highway, the train shall be "cut" and a space of 60 feet shall be opened to permit the traveling public to use such highway. This statute must be reasonably construed and effect given to it so that appellee will not be deprived of the use of its tracks. It has no application in the instant case where the train remained standing across the highway for such a time only as was necessary to uncouple the coal car which was being placed on the switch. The uncontroverted evidence is to the effect that it remained standing for only that length of time. To apply the statute to such a situation would, in effect, deprive appellee of the use of its tracks at this highway crossing. The movements of the train, just prior to the accident, were legitimate, and the fact that the engineer brought it to a stop prior to the impact shows that he was in the exercise of due care in its operation. Had the train been moving at that time, the result might have been more serious. As was said by the court in the case of Orton v. Pennsylvania Railroad Co., supra, the use of the crossing, "even if negligent, was an incident and not a concurring proximate cause of the accident." However, in the instant case, there is an absolute lack of evidence showing any negligence on the part of appellee which in any manner contributed to the accident. The statute in question has been construed by the highest courts of Indiana and is held inapplicable to situations similar to the one with which we are here concerned. In speaking of this statute the court, in the case of Pennsylvania Railroad Co. v. Huss, 96 Ind.App. 71, 180 N.E. 919, 921, said: "It was not enacted in order to protect persons from damage to either person or property occasioned by collision with a car or cars necessarily obstructing a highway for a reasonable time." See, also, Cleveland, C. C. & St. L. Ry. Co. v. Gillespie, 96 Ind.App. 535, 173 N.E. 708. There is no evidence to sustain the charge that this statute was being violated by appellee at the time of the accident.

■ The third count of the declaration charges that appellee violated the provisions of an Indiana statute requiring the continuous ringing of the bell on the engine until it has passed the crossing. The answer to the charge in this count is that the engine had completely passed the crossing before the accident and, hence, the statute was not being violated at that time. There remained only a part of the tender upon the highway, and it was not struck by the automobile. The automobile struck the caboose near its front trucks, which were several feet back of the tender. Furthermore, it is the apparent purpose of this statute to warn travelers on the highway of the approach of an engine. After the engine has approached a crossing while the bell is ringing and, in fact, has passed entirely over it, as in the instant case, the statute has then been satisfied. In discussing his position with reference to the charge in this count, appellant, in his reply brief, says that, "We concede there is considerable merit to the argument of the appellee on this contention." The undisputed evidence upon this question is that the bell was ringing at all times when the engine passed over the crossing, and continued to ring after the accident.

■ There was no substantial evidence to support the claims of appellant, as contained in either count of the declaration, and the District Court properly directed a verdict in favor of appellee.

The judgment is affirmed.