**Michael D. BROWN and Cleata Brown, Plaintiffs,**

v.

**E. DeVECCHIS & SONS, INC. a corporation, Defendant.**

**Civ. A. No. 74–466.**

United States District Court, W. D. Pennsylvania.

April 20, 1976.

18

John Daley, Samuel W. Braver, Pittsburgh, Pa., for plaintiffs.

Mark K. McNally, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

Plaintiffs have moved for a new trial after a jury verdict in favor of the defendant on the issue of liability. This is a diversity negligence action arising out of a collision between plaintiffs' automobile and a truck owned by defendant and operated by defendant's employee on its business. The collision occurred near the intersection of Pennsylvania Routes 26 and 164 in Bedford County, Pennsylvania.

Coming from the west of its intersection with Route 26, Route 164 presents a steep downgrade for about two and one-half miles. Defendant's driver steered his loaded truck down this grade for most of this length with no control over the speed by brakes or engine and no warning horn and attempted to turn to the right onto Route 26. His front wheel hit a curb of a divider at this intersection, the truck hit a steel guard rail, and defendant's driver lost all control of the truck. The truck collided with plaintiff's vehicle which was travelling north on Route 26 at a point near this intersection.

At the pretrial conference the court ordered the trial bifurcated into a liability stage and a damage stage, a common practice in the trial of personal injury suits in this district.

An extensive stipulation between the parties was filed prior to trial, listing the issues of fact agreed upon and those remaining in controversy. In this stipulation it was stated that an issue of law remaining to be litigated at trial was:

(1) Plaintiffs will contend that from the circumstances of the accident alone there is an inference of negligence on the part of the defendant under the laws of Pennsylvania and this presents a factual question for the jury.

Prior to the opening of trial the pretrial stipulation was enlarged to include the following:

The collision occurred after the defendant's truck entered onto the said Route 26 at a rate of speed in excess of the posted speed limit and crossed over the center line on Route 26, entering onto the plaintiffs' proper lane of travel in which lane this collision occurred.

The court ruled that these stipulated facts raised a presumption of negligence on the part of the defendant, which, if not rebutted by the defendants' evidence, would require a directed verdict for plaintiffs on the issue of liability. The court requested an offer of proof of the testimony of plaintiff driver and this offer indicated that plaintiff would testify in part as to the collision, the position of the vehicles at the time and their movement after impact. The court ruled that such testimony would be inadmissible as irrelevant to any contested issue of liability but ruled that the plaintiff driver could testify as to any statements made after the accident by defendant's driver.

A similar offer of proof was made as to proposed testimony of a state police officer who investigated the scene after the collision and who would testify as to the locations of the vehicles and measurements taken at the site. The court allowed the plaintiff to put into the evidence as part of the stipulation the measurements and positions of the vehicles as found by the state police officer, but ruled that the photographs of the police officer showing the damage to the vehicles was immaterial as to the liability case but would be admissible in the damage case or possibly in rebuttal.

At the opening of the trial the court explained the nature of the issue which was to be presented to them in the liability aspect of the trial and instructed them as to the facts which were stipulated upon between the parties. The court further instructed the jury that this stipulation obviated the necessity of calling a series of witnesses who would describe the accident. The jury was further instructed that by reason of the stipulation a prima facie case of negligence on the part of the defendant was made out and that the defendant would be liable for the consequences unless the defendant had a satisfactory explanation for the violation of the required standard of care. The jury was told that the court would bar any evidence of how the collision happened because those things had been established but that the plaintiff would be free to present any evidence in support of other charges of negligence made against the defendant DeVecchis.

During plaintiffs' counsel's opening statement the court interrupted at one point to remind him that matters which he was outlining were beyond the scope of the evidence to be presented in his case in chief and that it was unnecessary to give the jury a big picture because those matters had been established by the stipulation. Plaintiffs' counsel took no exception at this point and he may properly be excused for not doing so, but he now raises this judicial interference as a reason in support of his motion for a new trial. We believe that the admonition by the court was mildly inserted and the plaintiffs do not raise any question as to the manner of such interruption but solely as to the prejudice of the fact of such interruption and

its consequence of barring him from presenting the jury with "the big picture" of the accident. It is a very natural inclination of plaintiffs' counsel in personal injury cases to emphasize the severity of the impact in enhancement of damages, but damages was not the issue being tried before the jury at that stage of the trial. Because of the time and effort spent by the court and counsel prior to trial in narrowing the issues and achieving stipulations as to many matters of fact, the court at that time felt impelled to interrupt the opening statement in order to protect its pretrial rulings on admissible evidence. We believe that this was an act properly within the discretion of the trial judge in the management of the trial.

It is to be noted that the plaintiffs were at no time barred from the introduction of admissible evidence but rather enjoyed the very substantial advantage of being able to present most of its evidence in rebuttal. Plaintiffs' counsel rested his case in chief after his opening statement, relying on his opportunity to develop evidence by cross-examination of defendant's witnesses and the offering of rebuttal testimony to refute the defendant's burden of proving itself free of negligence under the circumstances. An example of this advantage is shown by plaintiff's request to call the defendant's driver as on cross-examination in its case in chief. On defendant's objection to this offer the plaintiff refrained from calling the driver on cross-examination and had a full opportunity for cross-examination when the defendant presented this evidence.

■ All of the evidence which plaintiff might have sought to introduce was properly rebuttal material. Its introduction into plaintiffs' case in chief could only be for the purpose of anticipating the defense. It was admitted that plaintiffs' car was struck by defendant's truck, on the wrong side of the road, out of control and at an excessive speed. Plaintiffs' prima facie case has been made. He was struck on the highway under conditions that impose liability.

The burden then falls upon the defendant to exculpate himself from each and every allegation of negligence that the plaintiff had pleaded, or theories of negligence which might be developed from the evidence, including improper maintenance, failure of inspection, and failure of defendant's driver to take proper precautions after the failure of the driveshaft and the brakes. The control of these matters is vested in the trial judge. We do not see how the plaintiffs can assert any prejudice from this control of the order of proof, except for the loss of the effect of presenting the jury with the "big picture" to emphasize the importance and extent of the injuries suffered by plaintiff, which was not the issue for trial at that time, albeit the same jury would pass on damages at a later date.

The plaintiffs had full opportunity to develop their other allegations of negligence respecting the condition and maintenance of the defendant's truck and the opportunities available to the driver of defendant's vehicle after loss of braking control of the vehicle. The ability of defendant's driver to take any action to stop the vehicle or avoid a collision at the bottom of the hill were fully developed in the evidence and argued to the jury.

One final contention of the defendant requires comment. On two occasions plaintiffs' counsel in cross-examining defendant's driver attempted to attack the credibility of this witness by the use of prior deposition testimony. The court explained to the jury the proper use of such prior testimony as an attack on the party's present credibility without the prior testimony being considered as substantive evidence on the issue at trial. The court interrupted to ask counsel how such prior testimony was inconsistent with present testimony and at one point remarked that the court didn't see the testimony as being inconsistent but on each occasion instructed the jury that the matter was for their determination. In this respect it is important to note that the court observed the demeanor

and manner of testifying of the witness and found him to be a slow-talking, slow-thinking person, who was under obvious difficulty in testifying because of his verbal limitations and could easily be subject to confusion upon being questioned about his prior testimony. A full examination of the record of these incidents together with the court's instructions to the jury each time that such comment was made will reveal the nature of the answer given on the witness stand, the nature of the alleged impeaching question and answer and the instructions given by the court with respect to the jury's treatment of such impeaching evidence.

It was the court's purpose in making the remarks that were made to protect this witness from confusion. He was not properly referred to the text of the alleged inconsistent statement (Tr. p. 82) but was immediately asked: "Didn't you answer that it was a matter of days in the deposition that was taken of you?" The court directed counsel to read the prior alleged inconsistent statement. The present statement was that the witness couldn't say how long before the accident the truck was brought to the plant. In the prior deposition the witness answered the question in the same way, but upon being asked if it was a matter of days he answered "Yes".

■ The prior comment of the court occurred (Tr. pp. 77–78) when the witness was first attempted to be impeached by a prior deposition. The court then instructed the jury on the nature of deposition testimony and its uses, including impeachment, and the limitations of the considerations of impeaching testimony. When the impeaching testimony was read the court asked counsel how this differed from the testimony given on the stand, and after counsel's reply, instructed the jury that it was their function to determine if these answers were inconsistent.

We believe our actions were according to the guidance of *Quercia v. United States*, 289 U.S. 466, 469, 53 S.Ct. 698, 698, 77 L.Ed. 1321, 1324 [1933]:

"In a trial by jury in a federal court, the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law. *Herron v. Southern Pacific*, 283 U.S. 91, 95, 51 S.Ct. 383, 75 L.Ed. 857. In charging the jury, the trial judge is not limited to instructions of an abstract sort. It is within his province, whenever he thinks it necessary, to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of it which he thinks important; and he may express his opinion upon the facts, provided he makes it clear to the jury that all matters of fact are submitted to their determination."

The Rules of Evidence for the United States Courts left this practice unchanged in the Federal courts, See 1 *Weinstein's Evidence*, Supreme Court Standard 107.

■ Finally, the plaintiff argues that the verdict is against the weight of the evidence. With this we cannot agree. It is clearly evident that the outcome of the trial was dictated by the quality of the defendant's expert witness as to the mechanical condition of the truck in question. There can be no doubt that this evidence completely overcame any of the evidence and the opinion expressed by plaintiffs' witness as to the reason for the mechanical failure and loss of control of the truck in question, including its prior maintenance and condition.

An appropriate order will be entered denying plaintiffs' motion for a new trial.