**William W. COWDELL, Administrator of the Estate of William Robert Cowdell, Plaintiff, Appellant,**

v.

**CAMBRIDGE MUTUAL INSURANCE COMPANY, Defendant, Appellee.**

**No. 86–1530.**

United States Court of Appeals, First Circuit.

Argued Nov. 6, 1986.

Decided Dec. 31, 1986.

Raymond A. LaFazia, with whom Guy J. Wells and Gunning, LaFazia & Gnys, Inc., Providence, R.I., were on brief, for plaintiff, appellant.

John F. Dolan, with whom Rice Dolan & Kershaw, Providence, R.I., was on brief, for defendant, appellee.

Before COFFIN, BOWNES and TORRUELLA, Circuit Judges.

PER CURIAM.

Plaintiff-appellant William W. Cowdell appeals from the grant of a directed verdict for failure of proof in favor of defendant-appellee Cambridge Mutual Insurance Company. The background facts are brief

but tragic. Plaintiff's son, William Robert Cowdell, at the suggestion of his father, volunteered to prune a tree for next-door neighbors of the Cowdells, Mr. & Mrs. Raymond Taylor. During the pruning, the son fell to the ground and was killed.

The cause of action alleged is based on a regulation promulgated by the Director of Business Regulations and Insurance Commissioner of Rhode Island and a Rhode Island statute. In order to properly assess the evidence, we start with the pertinent allegations of the complaint. The complaint, which is based on diversity jurisdiction,[1] alleges: that defendant was obligated to pay the Estate of William Robert Cowdell under the medical provisions of its policy all medical and funeral expenses of decedent up to the limits of coverage (8[2]); that defendant "negligently or willfully obscured ... [the] benefits, coverage, and other provisions of the policy and thereby avoided and cancelled the entitlement to those benefits by the estate" (9); that this conduct amounted to bad faith and violated sections 5a, 8a and 8b of Regulation XXVII, Fair Insurance Claim Settlement Practices, issued by the Insurance Department of Rhode Island (10 & 11); that plaintiff made a demand on defendants for payment of the funeral expenses (12); that defendant offered to pay the $500 medical payment due under the policy only on the condition that plaintiff execute a general release of liability to the insureds, Mr. and Mrs. Raymond Taylor (13); that this conduct by defendant violated the Rhode Island statute governing an insurer's bad faith refusal to pay a claim (14).

■ The first issue is whether the district court erred in refusing to admit a copy of the Rhode Island Insurance Regulation as an exhibit. Section 2 of the regulation, which is entitled "Scope," provides in pertinent part: "This regulation is regulatory in nature and is intended only to regulate specified general business practices and no right of private action or private duty is intended by this regulation."

Section 10 of the regulation specifies the sanctions that may be imposed:

a. Revocation or suspension of license;

b. Probation for a specified period of time; or

c. Fines which will be deemed to be civil in nature, up to one thousand dollars ($1,000) for such violation of the provisions in this regulation.

We affirm the ruling of the district court excluding the regulation as evidence. Under its own terms, it could neither be the basis for a private cause of action nor impose a duty on defendant.

■ The final issue is whether there was sufficient evidence of a violation of the Rhode Island statute for submission to the jury. The statute provides:

**9–1–33. Insurer's bad faith refusal to pay a claim made under any insurance policy.**—(a) Notwithstanding any law to the contrary, an insured under any insurance policy as set out in the general laws or otherwise may bring an action against the insurer issuing said policy, when it is alleged said insurer wrongfully and in bad faith refused to pay or settle a claim made pursuant to the provisions of said policy, or otherwise wrongfully and in bad faith refused to timely perform its obligations under said contract of insurance. In any action brought pursuant to this section, an insured may also make claim for compensatory damages, punitive damages and reasonable attorney fees. In all cases in which there has been no trial in the Superior Court on or before May 20, 1981, *the question of whether or not an insurer has acted in bad faith in refusing to settle a claim shall be a question to be determined by the trier of fact.*

---

1. We think there is a question about whether the amount in controversy requirement could be met, but since it was not raised below, we assume there is jurisdiction under 28 U.S.C. § 1332(a)(1).

2. The numbers in parenthesis refer to the paragraph numbers of the complaint.

R.I.Gen.Laws § 9–1–33 (1986) (emphasis added).[3] Plaintiff seems to argue that the emphasized part of the statute mandates that the jury decide the question of bad faith. It has long been established that "state laws cannot alter the essential character or function of a federal court." *Herron v. Southern Pacific Co.*, 283 U.S. 91, 94, 51 S.Ct. 383, 384, 75 L.Ed. 857 (1931). *Herron* considered a provision of the Arizona Constitution which provided: "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." *Id.* at 92, 51 S.Ct. at 383. The Court held:

> Where, in an action in a federal court to recover damages for personal injuries, contributory negligence or assumption of risk constitutes a defense, and, by reason of the facts being undisputed and of the absence of conflicting inferences, the evidence of contributory negligence or assumption of risk is conclusive and the question is one of law, the judge has the right and duty to direct a verdict for the defendant.

*Id.* at 95–96, 51 S.Ct. at 384–85 (footnotes omitted). *See also Boyd v. Blue Ridge Rural Cooperative, Inc.*, 356 U.S. 525, 538, 78 S.Ct. 893, 901, 2 L.Ed.2d 953 (1958), in which the Court stated: "It cannot be gainsaid that there is a strong federal policy against allowing state rules to disrupt the judge-jury relationship in the federal courts." We have stated the rule as follows: "Federal standards govern whether, in light of the applicable rule of decision, the evidence merited jury consideration." *Molinar v. Western Electric Company*, 525 F.2d 521, 527 (1st Cir.1975), *cert. denied*, 424 U.S. 978, 96 S.Ct. 1485, 47 L.Ed.2d 748 (1976).

We turn, therefore, to the question of whether the district court erred in directing a verdict for the defendant. Judgment n.o.v.

should be granted only upon a determination that the evidence could lead reasonable men to but one conclusion, a determination made without evaluating the credibility of witnesses or the weight of the evidence at trial. *DeMars v. The Equitable Life Assurance Society of the United States*, 610 F.2d 55, 57 (1st Cir. 1979).

*Hubbard v. Faros Fisheries, Inc.*, 626 F.2d 196, 199–200 (1st Cir.1980). Thus we review the evidence and the inferences to be drawn therefrom in the light most favorable to appellant. *Id.* at 200. (citing *Rios v. Empresas Lineas Maritimas Argentinas*, 575 F.2d 986, 989 (1st Cir.1978)).

Plaintiff's testimony thus reviewed is to the following effect.[4] Plaintiff was visited by Cambridge Mutual's adjuster, Michael Pellegrino, after the fatal accident to plaintiff's son. Pellegrino did not tell plaintiff anything about the policy coverage; he just asked for and was given the funeral expenses, which totalled $2,800. About a month later, Pellegrino contacted plaintiff and said "that he was sorry, that he had a check for $500 and the insurance company figured that is all I had coming." Plaintiff responded by stating, "I will not accept the $500." At this time, the adjuster did not say anything about the insurance policy coverage or limits of coverage. The adjuster called plaintiff three or four months later and told him that he still had the check for $500 and asked plaintiff what he wanted him to do with it. Plaintiff testified, "I told him I would not accept it, that I thought this was not fair under my son's condition." There was no further communication with the adjuster or with the defendant insurance company.

Two things must be noted. First, there is no dispute that under the medical payment provisions of the insurance policy, plaintiff was entitled to $500 and no more. Second, contrary to the allegations of paragraph 13 of the complaint, there is abso-

---

**3.** The district court did not decide whether plaintiff came within the definition of "insured" under Rhode Island law and that issue has not been raised on appeal.

**4.** There were only three witnesses: plaintiff, his wife, and defendant's adjuster. We have ignored entirely in our review the testimony of the adjuster which contradicted in many respects the testimony of the plaintiff.

lutely no testimony, or even the slightest suggestion, that the defendant offered the $500 medical payment due under the policy only on the condition that plaintiff execute a general release of liability to the insureds, Mr. and Mrs. Raymond Taylor.[5] It would appear that paragraph 13 of the complaint was manufactured out of whole cloth.

■ We agree with the district court that on the basis of plaintiff's evidence no reasonable juror could find that defendant acted in bad faith. The only bad faith exhibited in the case was making allegations in the complaint that had absolutely no factual basis.

We find this appeal to be frivolous and assess double costs and attorney's fees in the amount of $500 against plaintiff's attorneys pursuant to Federal Rule of Appellate Procedure 38.

*Affirmed.*

---

**5.** Plaintiff has brought an action in state court against the insureds and Cambridge Mutual is furnishing the defense in that case.