Edna M. GALLUPS, as Administratrix of the Estate of Gordon A. Gallups, deceased, Plaintiff,

v.

Dr. James L. CROOK, Defendant.

No. 91–AR–0999–S.

United States District Court, N.D. Alabama, S.D.

June 19, 1992.

Richard D. Stratton, S. Shay Samples, Hogan Smith Alspaugh Samples & Pratt, Birmingham, Ala., for plaintiff.

Randal H. Sellers, W. Stancil Starnes, Michael K. Wright, Starnes & Atchison, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION AND ORDER

ACKER, District Judge.

This action is brought by Edna M. Gallups, as Administratrix of the Estate of Gordon A. Gallups, deceased, against Dr. James L. Crook, the surgeon who unsuccessfully operated on Gordon A. Gallups, plaintiff's deceased husband. Plaintiff invokes Alabama's Medical Liability Act of 1987 and Alabama's wrongful death statute. The fact that this case is in a federal court instead of in a state court creates the problem which this court faces.

In compliance with the pre-trial order, the defendant presents to the court several proposed jury instructions. One of these is Defendant's Requested Charge No. 29, which reads as follows:

> The burden is upon the plaintiff to prove to you *by substantial evidence* the truthfulness of all of the elements of her claim before she would be entitled to recover. If you are reasonably satisfied that the plaintiff has met this burden of proof, then the plaintiff is entitled to recover.
>
> If you are not reasonably satisfied *by substantial evidence* of the truthfulness of each element of the plaintiff's claim, then the plaintiff is not entitled to recover.
>
> I have previously stated that the plaintiff has the burden of proving all of the elements of plaintiff's claim *by substantial evidence.* I will now define substantial evidence. *"Substantial evidence" means that character of evidence which would convince an unprejudiced thinking mind of the truth of the fact as to which the evidence is directed.*

(emphasis supplied).

This charge comes from Alabama Pattern Jury Instructions (APJI) 25.21, which, in turn, is derived from Sections 6–5–548(a) and 6–5–542(5) of the Code of Alabama. In pertinent part, these statutes read as follows:

*§ 6–5–548 Burden of proof, [etc.]*

(a) In any action for injury or damages or wrongful death, whether in contract

or in tort, against a health care provider for breach of the standard of care the plaintiff shall have the burden of proving by *substantial evidence* that the health care provider failed to exercise such reasonable care, skill and diligence as other similarly situated health care providers in the same general line of practice, ordinarily have and exercise in a like case.

\* \* \*

§ 6–5–542 Definitions.

(5) SUBSTANTIAL EVIDENCE. Substantial evidence is that character of *admissible* evidence which would convince an *unprejudiced* thinking mind of the truth of the fact to which the evidence is directed.

Ala.Code §§ 6–5–548(a) and 6–5–542(5) (1987) (emphasis supplied).

What the word "admissible" adds to the definition of "substantial evidence" this court fails to understand. If the evidence has been received by the court, it has been found "admissible" by the court. The remainder of the legislative definition of "substantial evidence" can be found in any edition of Black's Law Dictionary, enhanced, perhaps, by this court's routine jury instruction that a jury can never allow itself to be influenced by "prejudice".

The pertinent portion of APJI 25.21, if it were adjusted to fit this case and if this case were in a state court, would read as follows:

The plaintiff claims that the defendant at the time of the incident in question was a physician and that the plaintiff's decedent was a patient of such physician. The plaintiff further claims that the defendant breached the standard of care required of a physician; and plaintiff further claims that plaintiff's decedent was killed as a proximate result of the defendant's alleged breach of the standard of care.

The defendant denies the claims of the plaintiff.

The standard of care of a physician is that level of such reasonable skill, diligence and care as other similarly situated physicians in the same general line of practice ordinarily have and exercise in like cases. A breach of the standard of care is the failure by the physician to comply with the standard of care, which failure proximately causes death.

The burden is upon the plaintiff to prove to you by substantial evidence the truthfulness of all of the elements of her claim before she would be entitled to recover. If you are reasonably satisfied that the plaintiff has met this burden of proof, then the plaintiff is entitled to recover.

If you are not reasonably satisfied by substantial evidence of the truthfulness of each element of the plaintiff's claim then the plaintiff is not entitled to recover.

■ This court starts with the obvious, long-recognized distinction between the traditional jury instruction by Alabama trial courts that a plaintiff must "reasonably satisfy" the jury of the essential elements of the plaintiff's claim, as compared with the invariable federal trial court jury instruction that the plaintiff must prove the essential elements by a "preponderance of the evidence". The court next notes that until recently Alabama operated under the so-called "scintilla rule", whereas the federal courts in Alabama after *Boeing Company v. Shipman*, 411 F.2d 365 (5th Cir. 1969), have always required the existence of "substantial evidence" to support the essential elements of plaintiff's case before the case can be submitted to the jury.

Alabama's legislature in 1987 clearly intended to make it harder for a plaintiff to recover damages for medical malpractice. Its motives and rationale are candidly and lucidly set forth in § 6–5–540 as follows:

It is hereby declared by the legislature of the state of Alabama that a crisis threatens the delivery of medical services to the people of Alabama and the health and safety of the citizens of this state are in jeopardy. In accordance with the previous declaration of the legislature contained in Act 513 of the regular session of the 1975 Alabama legislature it is the declared intent of this legislature to insure that quality medical services continue to be available at reasonable costs

to the citizens of the state of Alabama. This legislature finds and declares that the increasing threat of legal actions for alleged medical injury causes and contributes to an increase in health care costs and places a heavy burden upon those who can least afford such increases, and that the threat of such actions contributes to expensive medical procedures to be performed by physicians and other health care providers which otherwise would not be considered necessary, and that the spiraling costs and decreasing availability of essential medical services caused by the threat of such litigation constitutes a danger to the health and safety of the citizens of this state, and that this article should be given effect immediately to help control the spiraling cost of health care and to insure its continued availability. Additionally, the legislature finds that the increasing threat of legal actions for alleged medical injury has resulted in a limitation on the number of physicians providing specialized health care in this state. Because of the limited number of insurers offering professional liability coverage and because of the prejudice to the rights of the defendant health care provider through the interjection of evidence of insurance, the legislature finds that the interest of all citizens will best be served by prohibiting the introduction of evidence that a witness testifying at trial is insured by the same insurer as the defendant health care provider.

█ This court does not sit in judgment on Alabama's public policy, which is a matter for its legislature and its courts. This court quickly agrees with the defendant in this case that the Alabama legislature, as part of its tort reform package, meant to do away with the "scintilla rule" in medical negligence cases and to increase the level of proof needed by a plaintiff to win such cases. *See* Ala.Code § 6–5–549 (1987). This court points out, however, that long before 1987 federal courts in civil cases were required to employ a burden of proof requiring "substantial evidence" in support of the essential elements of a party's claim before an opposing party's motion filed

pursuant to Rule 50, F.R.Civ.P., could be denied.

This court does not envy the draftsmen of APJI 25.21. They tried their very best to employ § 6–5–548(a) in a meaningful way in order to give an Alabama jury something it can understand. Unfortunately, the resulting language can be nothing but confusing. APJI 25.21 can be paraphrased something like this: "You cannot find for the plaintiff unless the plaintiff has convinced you by convincing evidence that persuades you". It is impossible to reconcile this Alabama concept of an enhanced burden of proving a disputed fact by requiring "substantial evidence", when the disputed fact is to be decided by a jury, with the predetermination by a federal judge in *all* civil cases that "substantial evidence" has been offered in support of that same disputed fact. To try to federalize APJI 25.21 would make it read like this:

> The burden is on the plaintiff to prove by a preponderance of the substantial evidence the truth of the essential averments of his complaint.

The Alabama definition of "substantial evidence" (for use by the jury) and the federal definition of "substantial evidence" (for use by the court) cannot be logically distinguished. They are, for all intents and purposes, the same. For a federal court to use the new Alabama terminology in a jury charge would be for the court to abdicate its obligation to discriminate between "substantial evidence" to justify submission to the jury and "insubstantial evidence", which keeps the case from the jury. It would be an intolerable anomaly to give to the jury a case which already has passed the court's "substantial evidence" test and then to tell the jury that it can only find for the plaintiff in the event the plaintiff has proven his case by "substantial evidence", which, incidentally, the court has just found to exist.

Another complication is added when it is realized that proof by a "preponderance of the evidence" may be a higher standard of proof than proof by "substantial evidence". The Fourth Circuit in *Laws v. Celebrezze,*

368 F.2d 640 (4th Cir.1966), explained it this way:

Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. [Sound familiar?] *It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.* If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence".

*Id.* at 642 (emphasis supplied).

If the semantic difficulties found in any attempt to reconcile the Alabama burden of proof described in § 6–5–548(a) (which defendant here argues is a matter of Alabama substantive law) with the federal procedural rules were not enough to persuade this court to refuse Defendant's Requested Charge No. 29, the following definitive expression from *Boeing Company v. Shipman, supra,* made binding on this court by *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), provides the answer:

It is well settled in this Circuit that in diversity cases federal courts apply a federal rather than a state test for the sufficiency of evidence to create a jury question. *Reuter v. Eastern Air Lines,* 5 Cir., 1955, 226 F.2d 443; *Revlon, Inc. v. Buchanan,* 5 Cir., 1959, 271 F.2d 795, 81 A.L.R.2d 222; *Planters Manufacturing Co. v. Protection Mut. Ins. Co.,* 5 Cir., 1967, 380 F.2d 869; *Helene Curtis Industries, Inc. v. Pruitt,* 5 Cir., 1967, 385 F.2d 841.

In *Planters,* supra, Judge Tuttle exhaustively discussed this issue and pointed out (380 F.2d at 870–871) that although the Supreme Court had not yet resolved the question in favor of the federal test, that Court had said in *Byrd v. Blue Ridge Rural Electric Cooperative,* 356 U.S. 525, 538, 78 S.Ct. 893, 901, 2 L.Ed.2d 953 (1958):

"It cannot be gainsaid that there is a strong federal policy against allowing state rules to disrupt the judge-jury relationship in the federal courts."

*See also Herron v. Southern Pac. Co.,* 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857 (1931); *Simler v. Conner,* 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963).

Federal courts must be able to control the fact-finding processes by which the rights of litigants are determined in order to preserve "the essential character" of the federal judicial system. Of course, we do not contend that this control will not affect state-created substantive rights in some cases. Ultimately, however, the integrity of our fact-finding processes must outweigh considerations of uniformity. *Herron v. Southern Pac. Co.,* 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857 (1931); *Byrd v. Blue Ridge Rural Electric Cooperative,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); Note, *State Trial Procedure and the Federal Courts: Evidence, Juries, and Directed Verdicts Under the Erie Doctrine,* 66 Harv.L.Rev., 1516, 1525 (1953). Thus, we agree with the original opinion and reaffirm our holding, often repeated, that a federal rather than a state test is the proper one.

*Id.* 411 F.2d at 368–70 (footnotes omitted).

### *Conclusion*

Based on the foregoing, Defendant's Requested Charge No. 29 is REFUSED. The fact that Alabama trial courts are bound to try to make sense out of §§ 6–5–548(a), 6–5–542(5) and 6–5–549 does not place any obligation upon this court to try to do it.