**Linda Ann TAYLOR, Plaintiff,**

**v.**

**STATE OF RHODE ISLAND, DEPARTMENT OF MENTAL HEALTH RETARDATION AND HOSPITALS, Defendant.**

**Civ. A. No. 89–0395 L.**

United States District Court,
D. Rhode Island.

May 11, 1990.

---

**16**

Robert B. Mann and Suzanna J. Mitchell, Providence, R.I., for plaintiff.

Ellen Evans Alexander and Robin E. Feder, Dept. of the Atty. Gen., Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter is before the Court at the request of both plaintiff and defendant to have the Court determine whether plaintiff's employment discrimination case should proceed to trial with or without a jury. Plaintiff asserts that her Title VII claim, 42 U.S.C. § 2000e *et seq.* (1981), and her claim under the Rhode Island Fair Employment Practices Act (FEPA), R.I.Gen. Laws § 28-5-1 *et seq.* (1986), entitle her to a trial by jury. Defendant maintains that since plaintiff seeks only equitable relief, this Court should deny plaintiff's demand for a jury trial.

A more detailed background of this case may be found in *Taylor v. State of Rhode Island,* 726 F.Supp. 895 (D.R.I.1989). In brief, plaintiff, Linda Ann Taylor, filed a three count discrimination suit against the State of Rhode Island, Department of Mental Retardation and Hospitals (State). She alleges that her male supervisors interfered with her attempts to gain a promotion. Taylor asserts that although she scored higher than a male co-worker on a qualifying exam, her male supervisors assisted and recommended the lesser qualified male worker, resulting in his obtaining the desired position. Plaintiff's complaint demands a jury trial.

The prior Memorandum and Order dismissed plaintiff's state constitutional claim. 726 F.Supp. at 901. Under the remaining Title VII claim and the claim under the Rhode Island FEPA, plaintiff seeks a declaratory judgment, a permanent injunction, an immediate assignment to those jobs she would be occupying but for the alleged discriminatory practices, an adjustment of wage levels and back pay, and attorney's fees. Plaintiff contends that Title VII entitles her to a jury trial. In the alternative, she argues that because the FEPA grants a trial by jury in state court, R.I.Gen.Laws § 28-5-24.1 (1986), this Court must likewise grant the right to a jury trial. The State submits that the right to a jury trial under the FEPA applies only in state court. The State argues that plaintiff's requests for purely equitable relief bar her demand for a jury trial. Having heard oral arguments, the Court took this matter under advisement. It is now in order for decision.

### Discussion

The seventh amendment guarantees the right to a jury trial in "suits at common law." U.S. Const. Amend. VII; *Chauffeurs, Teamsters and Helpers, Local No. 891 v. Terry,* — U.S. —, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990). "Suits at common law" include those actions which assert " '*legal* rights ... in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.' " *Granfinanciera, S.A. v. Nordberg,* — U.S. —, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989) (quoting *Parsons v. Bedford,* 28 U.S. (3 Pet.) 433, 447, 7 L.Ed. 732 (1830)). Where the parties

assert only equitable claims, the case is tried to the court. If both legal and equitable claims coexist, the jury decides the legal claims before the court resolves the equitable questions. *Lytle v. Household Mfg., Inc.,* — U.S. —, 110 S.Ct. 1331, 1335, 108 L.Ed.2d 504 (1990); *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 472–73, 82 S.Ct. 894, 896–97, 8 L.Ed.2d 44 (1962); *Wade v. Orange County Sheriff's Office,* 844 F.2d 951, 954 (2d Cir.1988).

To separate jury from non-jury trials, courts must distinguish legal from equitable claims. *Tull v. United States,* 481 U.S. 412, 417–18, 107 S.Ct. 1831, 1835–36, 95 L.Ed.2d 365 (1987); *Terry, supra,* 110 S.Ct. at 1345.

> Our cases have long recognized the distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief—which may include an order providing for reinstatement of an employee with back pay.

*Bowen v. Massachusetts,* 487 U.S. 879, 108 S.Ct. 2722, 2731–32, 101 L.Ed.2d 749 (1988); *Figueroa–Rodriguez v. Aquino,* 863 F.2d 1037, 1053 (1st Cir.1988). As a general rule, monetary relief signals a legal claim, *Terry, supra,* 110 S.Ct. at 1347; *Curtis v. Loether,* 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974), while equitable claims consider returning the injured party to the status quo ante the injury. *See Skinner v. Total Petroleum, Inc.,* 859 F.2d 1439, 1444 (10th Cir.1988).

Although, like compensatory and punitive damages, back pay amounts to monetary compensation and would, thus, ordinarily be categorized as a legal remedy, courts, in some instances, characterize it as an equitable remedy. When joined with a request for actual or punitive damages under, for example, the Fair Housing Act or under section 1981, courts consider back pay an additional legal remedy. *See Curtis, supra,* 415 U.S. at 195, 197, 94 S.Ct. at 1008–09, 1009–10 (discussing Fair Housing Act); *Skinner, supra,* 859 F.2d at 1444 (section 1981); *Williamson v. Handy But-*

*ton Mach. Co.,* 817 F.2d 1290, 1293 (7th Cir.1987). Yet, courts have almost universally defined back pay under Title VII as equitable relief. *See, e.g., Terry, supra,* 110 S.Ct. at 1348–49; *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 415–18, 95 S.Ct. 2362, 2370–72, 45 L.Ed.2d 280 (1975); *Wilson v. City of Aliceville,* 779 F.2d 631, 635 (11th Cir.1986); *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1125 (5th Cir.1969). *But see Beesley v. Hartford Fire Ins. Co.,* 717 F.Supp. 781, 784 (N.D. Ala.1989), *motion to vacate order denied,* 723 F.Supp. 635, 644–646 (N.D.Ala.1989). These courts have either considered back pay as a form or restitution or as an "integral part of the statutory equitable remedy." *Johnson, supra,* 417 F.2d at 1125.

Whether the First Circuit categorizes back pay as a legal or as an equitable remedy depends on the nature of the other relief sought. *See Santiago–Negron v. Castro–Davila,* 865 F.2d 431, 441 (1st Cir. 1989). When examining whether a judge or a jury should award back pay in a section 1983 suit, the court indicated that

> in a § 1983 case based upon an alleged unconstitutional political firing where the issues of liability and compensatory damages will be determined by a jury, back pay shall be considered by the jury as one of the items of compensatory damages. . . . Where only reinstatement and back pay are requested or if they are the only issues, in addition to liability, remaining in the case then both reinstatement and back pay shall be for the court.

*Id.* Although the First Circuit discussed section 1983, the same analysis and distinctions apply to Title VII. *Sullivan v. School Bd. of Pinellas County,* 773 F.2d 1182, 1187 (11th Cir.1985).

Under this analysis, plaintiff is not entitled to a jury trial under Title VII. Plaintiff lost her only claim for compensatory damages when this Court dismissed her state constitutional claim. Since plaintiff's request for back pay supplements requests for purely equitable relief under Title VII, the Title VII claim must be tried before the Court.

Although the state FEPA provides for a jury trial in Rhode Island Superior Court, *See* R.I.Gen.Laws 28–5–24.1, federal, rather than state, law governs the right to a jury trial on a state-created claim tried in federal court. *See Goar v. Compania Peruana de Vapores*, 688 F.2d 417, 423 (5th Cir.1982). In *Herron v. Southern Pac. Co.*, 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857 (1931), the United States Supreme Court affirmed a district court's directed verdict on the issue of contributory negligence although the state constitution specified that a jury should always consider such a defense. *Id.* at 92–93, 95–96, 51 S.Ct. at 383–84, 384–85. The Supreme Court reaffirmed such precedent in *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 538–39, 78 S.Ct. 893, 901–02, 2 L.Ed.2d 953 (1958). Thus, federal courts must categorize state claims as equitable or as legal by applying federal law.

Noting the remarkable similarities between the two actions, this court has applied Title VII analysis to a state FEPA claim tried before this court on diversity jurisdiction. *Marley v. United Parcel Serv., Inc.*, 665 F.Supp. 119, 128 (D.R.I. 1987); *see also Newport Shipyard, Inc. v. Rhode Island Comm'n for Human Rights*, 484 A.2d 893, 897–98 (R.I.1984). Ms. Taylor seeks the same remedies under both Title VII and the state FEPA. The seventh amendment analysis of the plaintiff's Title VII claim should, therefore, apply as well to her FEPA claim. As discussed, these remedies, including back pay, constitute equitable forms of relief.

### Conclusion

Due to the purely equitable nature of the claims and the relief sought, Ms. Taylor's seventh amendment right to a jury trial does not govern this action. Ms. Taylor is not entitled to a jury trial under either the Title VII or the FEPA claim. Therefore, plaintiff's jury trial demand is hereby stricken and this case will be placed on the Court's non-jury trial calendar.

*It is so Ordered.*