## Kathy NOVIELLO

v.

## STATE OF RHODE ISLAND DEPARTMENT OF MENTAL HEALTH RETARDATION AND HOSPITALS.

### Civ. A. No. 90–0111B.

United States District Court,
D. Rhode Island.

Jan. 18, 1991.

Suzanna J. Mitchell, Robert B. Mann, Mann & Mitchell, Providence, R.I., for plaintiff.

582

Robin E. Feder, Ellen Evans Alexander, Providence, R.I., for defendant.

## FINDINGS AND RECOMMENDATION

HAGOPIAN, United States Magistrate Judge.

The instant matter has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. Section 636 for findings and recommendation. Presently before the Court is defendant's motion to strike plaintiff's demand for jury trial in the instant matter pursuant to Fed.R.Civ.P. 39(a).

### Statement of Facts

In her complaint, plaintiff, Kathy Noviello, brings a discrimination suit on two basis against, defendant, State of Rhode Island, Department of Mental Retardation and Hospitals (State). Plaintiff alleges the State, through its actions, has violated Title VII, 42 U.S.C. Section 2000e et seq. and the Rhode Island Fair Employment Practices Act (FEPA), R.I.Gen.Laws 28–5–1 et seq.

Briefly, plaintiff alleges the discriminatory actions of the State have resulted in disparate treatment against her and that she was denied a promotion, raise and reclassification based on sex. The plaintiff seeks an order for declaratory judgement that the practices which are the subject of her complaint violate Title VII and the Rhode Island FEPA. Plaintiff also seeks a permanent injunction, an order modifying or eliminating the practices in question, an immediate assignment to those jobs to which she would have been entitled but for the discriminatory practices, back pay and benefits to which she would be entitled, and attorneys fees and costs.

### Discussion

#### A. Arguments of the Parties

Although it is not clear from the plaintiff's brief, it appears she is claiming a right to a jury trial under both the Rhode Island FEPA and Title VII. She contends that the State Fair Employment Practices Act by granting a right to a jury trial to either party, by inference views a claim for back pay as a legal remedy. Thus plaintiff asserts that since the state FEPA grants a right to a jury trial in State court proceedings this Court must likewise recognize the right to a jury trial. See Dairy Queen Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).

Further, plaintiff maintains she has a right to trial by jury based on Title VII. Beesley v. Hartford Fire Ins., Co., 717 F.Supp. 781 (N.D.Ala.1989), motion to vacate order denied, 723 F.Supp. 635 (N.D.Ala.1989). Relying on Beesley, plaintiff urges that a remedy which she is seeking here, back pay, is a legal one, thus entitling her to a jury trial. Id. at 643.

The state contends that the right to a jury trial under the State FEPA applies only in state court. Further, the state asserts that since plaintiff's claims seek only equitable relief, she has no right to a jury trial under Title VII. Taylor v. State of Rhode Island, 736 F.Supp. 15 (D.R.I.1990).

### Analysis of the Court

The Constitution of the United States provides the right to a jury trial in "suits at common law" pursuant to the Seventh Amendment. U.S. Const.Amend. VII. However, where the remedies being sought are those of an equitable nature only, there is no right to a jury trial. The task before this court is to determine whether the plaintiff's claims are legal or equitable in nature. Tull v. United States, 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987).

Generally, a claim for monetary relief indicates to the Court that a legal claim is before it. A claim which seeks to return the injured party to his or her position before the alleged violation took place indicates there is an equitable claim. Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); Skinner v. Total Petroleum, Inc., 859 F.2d 1439 (10th Cir. 1988). The issue of back pay poses a difficult problem in that it has been treated as both a legal and equitable remedy. See Curtis, supra, 415 U.S. at 195, 94 S.Ct. at 1008; Albemarle Paper Co. v. Moody, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

The First Circuit has recently ruled on the issue of whether to treat back pay as a legal or equitable remedy. Taylor v. State of Rhode Island, 736 F.Supp. 15 (D.R.I.

1990). There, the Court held that "[W]hether the First Circuit categorizes back pay as a legal or as an equitable remedy depends on the nature of the other relief sought." *Id.* at 17, (citing *Santiago–Negron v. Castro–Davila,* 865 F.2d 431, 441 (1st Cir.1989)). Although noting that the *Santiago–Negron* case dealt with an award of back pay in a section 1983 action, the *Taylor* court held "the same analysis and distinctions apply to Title VII," as well as section 1983 claims. *Taylor, supra,* at 17. The analysis which was applied in both cases is as follows:

[I]n a Section 1983 case based upon an alleged unconstitutional political firing where the issues of liability and compensatory damages will be determined by a jury, back pay shall be considered by the jury as one of the items of compensatory damages ... [W]here only reinstatement and back pay are requested or if they are the only issues, in addition to liability, remaining in the case then both reinstatement and back pay shall be for the court.

*Santiago–Negron, supra,* at 441.

■ Turning to the relief sought in the instant matter, an application of the analysis in *Santiago–Negron* results in the conclusion that plaintiff is not entitled to a jury trial under Title VII. Plaintiff's back pay claim merely "supplements requests for purely equitable relief under Title VII, thus the Title VII claim must be tried before the court." *Taylor, supra,* at 17.

Plaintiff maintains that her right to a jury trial under Title VII was made certain by *Beesley v. Hartford Fire Ins. Co.,* 723 F.Supp. 635 (N.D.Ala.1989). The plaintiff is correct in stating that the court there found that the request for back pay was a legal remedy, thus there was a right to a jury trial under Title VII. *Id.* at 643.

However, I find that the overwhelming precedent of the First Circuit requires this court to follow the well established standard that Title VII claims are to be tried without a jury. Thus, the plaintiff's position should be rejected by the Court.

■ Finally, under the state FEPA both parties are afforded the right to request a jury trial in Rhode Island Superior Court.[1] However, "federal rather than state law, governs the right to a jury trial on a state created claim tried in federal court." *Taylor v. State of Rhode Island,* 736 F.Supp. 15 (D.R.I.1990), (citing *Goar v. Compania Peruana De Vapores,* 688 F.2d 417, 423 (5th Cir.1982)). This being the case, the issue of equitable versus legal claims must be resolved by using federal law when the action is before a federal court. Since Title VII does not afford a jury trial in cases where purely equitable relief is being sought, the plaintiff's demand for trial by jury must be denied.

A magistrate judge's Finding and Recommendation is filed herewith pursuant to Title 28 U.S.C. Section 636(b)(1)(B). Any objection to this Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of the receipt of the Recommendation. Rule 32, Local Rules of Court; Rule 72(b), Fed.R.Civ.P. Failure to timely file specific objections to the magistrate judge's Recommendation, Findings or Report is a waiver of the right to review by the District Court. *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986).

A review of the magistrate judge's Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before

1. 28–5–24.1 Proceedings in superior court.—A complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the commission has been unable to secure a settlement agreement or conciliation agreement and if the commission has not commenced hearing on a complaint. The commission shall grant the right to sue within thirty (30) days after receipt of such request. This shall terminate all proceedings before the commission and shall give to the complainant the right to commence suit in the suit in the Superior Court within any county as provided in Section 28–5–28 within ninety (90) days after the granting of such request. *Any party may claim a trial by jury.* The superior court may make orders consistent with Section 28–5–24 (emphasis added).

the magistrate judge. *Paterson–Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

### Recommendation

The defendant's motion to strike the demand of plaintiff for a trial by jury should be granted. I so recommend to the Court.