Rhonda Sue Edgeworth, the plaintiff in the underlying medical-malpractice action against Family Chiropractic Health Center, P.C., Kenneth A. Robinson, D.C., and Gregory A. Kuhlmann, D.C. ("the defendants"), appeals from the April 19, 2005, judgment entered in favor of the defendants, in response to the verdict of the jury.
On appeal, Edgeworth complains only about the content of the trial court's instructions to the jury concerning the burden of proof applicable to a medical-malpractice action. Accordingly, the facts forming the basis of Edgeworth's claims against the defendants are not pertinent to *Page 1013 
the issues on appeal, and we therefore do not discuss them.
Edgeworth asserts as her first issue on appeal that the trial court erred in instructing the jury that, because this was a medical-malpractice case, her burden of proof was higher than it would be in a normal civil case. The portion of the instruction at issue was as follows:
 "If you are reasonably satisfied from the evidence in this case that the defendants complied with the standard set by the learning, skill, and care ordinarily possessed and practiced at the time in question by other chiropractors in the same general line of practice, under similar circumstances as shown by the expert chiropractic evidence in this case, then you should return a verdict for the defendants.
 . . . .
 "Now, I've stated before that the burden of proof in this case is upon the plaintiff. The burden of proof is something that we hear about a lot of times on TV and other cases in which you may have served as a juror. In this case, which is a medical malpractice case, the burden of proof is a little different. Okay? In a medical malpractice case, the burden of proof is upon the plaintiff to reasonably satisfy you by substantial evidence of the truthfulness of the matters and things claimed by her before she would be entitled to recover.
 "All right. Now, normally in a civil case, and this is a civil case, normally the burden of proof is upon the plaintiff to only reasonably satisfy you of the evidence. So this being a malpractice case, it bumps it up some.
 "Now, we've all heard the burden of proof beyond a reasonable doubt. Beyond a reasonable doubt is the highest burden of proof we have and that burden of proof is only in criminal cases. So that burden of proof would be up here. The normal civil case is to prove to your reasonable satisfaction the truth of material averments contained in their complaint.
 "In a medical malpractice case, it's somewhere in between, not as high as beyond a reasonable doubt, but it's higher than to your reasonable satisfaction. Again, the burden is to prove to the jury's reasonable satisfaction by substantial evidence the truth of the matters and things claimed by her before the plaintiff would be entitled to recover.
 "Now, normally in a civil case when the parties walk through the doors, and in this case also, when they walk through the doors of the courtroom, the scales of justice are equal. No one has an advantage and they're equal.
 "In a civil case, normal civil case, if you weigh out that evidence, if it's weighted slightly or heavily in favor of the plaintiff, then you should rule in favor of the plaintiff. If it's weighted slightly or heavily in favor of the defendant, you should rule in favor of the defendant. This being a medical malpractice case, that burden of proof is up a little bit from that. So it's got to be more than slightly over 50 percent to slightly over 49 percent. It's got to be more.
 "And I'll explain to you more. I'll go ahead now. Substantial evidence is that character of admissible evidence that would convince an unprejudiced, thinking mind of the truth of the facts to which the evidence is directed.
 "That's the definition of substantial evidence. I'll read that to you again.
 "Substantial evidence is that character of admissible evidence that would convince an unprejudiced, thinking mind of the truth of the facts to which the evidence is directed. *Page 1014 
 "Okay. So it's a little different burden of proof in this case because it is a medical malpractice case."
The objection Edgeworth interposed to the trial court's instruction on the burden of proof was as follows:
 "[T]he plaintiff would except to the definition of the burden of proof. The suggestion was that the burden of proof is different in this case than in any other civil case. I believe that the statute says that the evidence to be considered by the jury is of a higher character or a higher quality, but that the burden of proof remains the same, that they be reasonably satisfied by a [sic] substantial evidence in this case, as opposed to reasonably satisfied by the evidence than [sic] in any other civil case."
Previous discussions among the court and the parties contained in the record make it clear that "the statute" to which Edgeworth is referring is the Alabama Medical Liability Act of 1987, as codified at § 6-5-541 et seq., Ala. Code 1975, and as amended through the date of trial ("the AMLA").
In 1987, the Alabama Legislature enacted a 10 — bill package of "tort reform" legislation. Robert D. Hunter,[1]Alabama's 1987 Tort Reform Legislation, 18 Cumb. L. Rev. 281, 282 (1988). Included within that package was Act No. 87-184, Ala. Acts 1987, codified as § 12-21-12, Ala. Code 1975, abolishing "the `scintilla rule,' requiring, instead, that `[i]n all civil actions brought in any court of the State of Alabama, proof by substantial evidence shall be required to submit an issue of fact to the trier of the facts.' § 12-21-12(a)."Cackowski v. Wal-Mart Stores, Inc., 767 So.2d 319, 330
(Ala. 2000).
In many respects the AMLA traveled a course quite distinct from the remainder of the tort-reform package, although it was at all times inseparable from the entire package. (Hunter, p. 308.) As introduced in the House of Representatives, the AMLA contained no definition of "substantial evidence," and when a definition of that term was added by amendment in the Senate, the definition used in the "general" substantial-evidence bill, Act No. 87-184, was passed over in favor of a definition developed by the Supreme Court of Washington. (Hunter, p. 283.) "Substantial evidence" was defined in Act No. 87-184, codified as § 12-21-12(d), as "evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the facts sought to be proved." In Hojem v.Kelly, 93 Wash.2d 143, 145, 606 P.2d 275, 276 (1980), the Washington Supreme Court, repeating a definition used by it in cases stretching back to Thomson v. Virginia MasonHospital, 152 Wash. 297, 301, 277 P. 691, 692 (1929), stated that substantial evidence was that character of evidence "`which would convince an unprejudiced, thinking mind of the truth of the fact to which the evidence is directed.'" (Thomson simply stated that definition without attribution or citation to any prior case or other source.) As codified, that definition appears in the AMLA as § 6-5-542(5): "Substantial evidence is that character of admissible evidence which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed."
In explaining its subsequent construction of the general definition of substantial evidence appearing in §12-21-12(d) and comparing that definition to the definition at § 6-5-542(5), this Court stated in Clements *Page 1015 v. Dr. John Alvan Stewart, P.C., 595 So.2d 858, 860-61
(Ala. 1992):
 "The wording of the statements of the quality and weight of the evidence necessary to submit an issue of fact to the trier of fact differs. However, with the judicial interpretation of § 12-21-12(d) in West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989) (`substantial evidence' was there defined as `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved'), we cannot find that plaintiffs in actions against health care providers have a higher burden of proof under § 6-5-542 (which defines `substantial evidence' as `admissible evidence which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed') than under § 12-21-12(d), which the plaintiff describes as the `general law.' This is a difference without a distinction."
In Campbell v. Williams, 638 So.2d 804, 817
(Ala. 1994), we pointed out that
 "this Court has held that the difference between the definition of `substantial evidence' given in § 6-5-542(5) and the definition of the same term given in § 12-21-12(d) is a `difference without distinction,' Clements, supra, 595 So.2d at 862."
As amended in 1992, the Workers' Compensation Act provided that a judgment based on pure findings of fact by the circuit court should not be reversed on appeal if supported by "substantial evidence." § 25-5-81 (e)(2), Ala. Code 1975. The Workers' Compensation Act provided no definition for "substantial evidence," and this Court adopted as a definition for that term the definition as restated by this Court in West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). Stating that "[w]e need look no further [thanWest ] for an adequate definition," the Court in Exparte Trinity Industries, Inc., 680 So.2d 262, 269 (Ala. 1996), went on to state: "See, also, Ala. Code 1975, §6-5-542(5); and Clements v. Dr. John Alvan Stewart,P.C., 595 So.2d 858, 861 (Ala. 1992) (quoted with approval inCampbell v. Williams, 638 So.2d 804 (Ala. 1994), cert. denied, 513 U.S. 868, 115 S.Ct. 188, 130 L.Ed.2d 121 (1994)), wherein the Court stated that the difference between the definition of `substantial evidence' as that term is used in § 6-5-542(5) and the definition of that term as it is used in § 12-21-12(d) is a `difference without a distinction.'" This Court reaffirmed those determinations in Ex parteNortham, 689 So.2d 854, 856 (Ala. 1996).
The AMLA provides that in any medical-malpractice action, "the plaintiff shall have the burden of proving by substantial evidence" that the defendant health-care provider failed to exercise the requisite care, skill, and diligence, §6-5-548(a), and that in any such action, "the minimum standard of proof required to test the sufficiency of the evidence to support any issue or fact shall be proof by substantial evidence." § 6-5-549. In 1996 the legislature added this sentence to § 6-5-549: "In the case of a jury trial, the jury shall be instructed that in order to return a verdict against a health care provider, the jury shall be reasonably satisfied by substantial evidence that the health care provider failed to comply with the standard of care and that such failure probably caused the injury or death in question." Act No. 96-511, Ala. Acts 1996, § 3.
In Ex parte Gradford, 699 So.2d 149 (Ala. 1997), a sharply divided Court concluded that it was reversible error for the trial judge to instruct the jury in a non-medical-malpractice action that the plaintiff *Page 1016 
had the burden to prove allegations of negligence "by substantial evidence."
 "Clearly, the substantial evidence rule pertains only to `rulings by the court' on the sufficiency of the evidence as presented by motions for summary judgment or motions for judgment as a matter of law (the current terminology; see Rule 50, Ala. R. Civ. P.). No one would have suggested before the adoption of Act No. 87-184 that the burden of proof on a plaintiff was to `reasonably satisfy the jury by a scintilla of evidence'; the burden was simply to `reasonably satisfy you [the jury] by the evidence,' Instruction 8.00, Alabama Pattern Jury Instructions: Civil (1st ed. 1974). That burden was not changed by the adoption of Act No. 87-184, as the pattern jury instruction committee apparently recognized when it did not change Instruction 8.00 in the second edition.
 ". . . .
 ". . . [I]t is error to give a charge telling the jury that it must be `reasonably satisfied by substantial evidence.'
 "The giving of such a charge is error, both because the substantial evidence rule has no place in the jury's deliberations and because the charge has a tendency to mislead and confuse the jury. Although the circuit court here instructed the jury on the legal definition of `substantial evidence,' the repeated use of that term may have confused the jury because of the ambiguity of the word `substantial.' `Substantial' may mean either `real, material, not seeming or imaginary' or `considerable in amount, value, or worth.' The former meaning seems to be what the `substantial evidence' standard requires for an affirmative ruling on the question of sufficiency of the evidence, but the latter meaning is one that is commonly understood. Thus, the jury might well understand `substantial evidence' to mean `more than a preponderance of the evidence.'
 "This possibility of confusion is exacerbated by the fact that the jurors will probably not know about the shift in Alabama law from the scintilla rule to the substantial evidence rule. When `substantial' is considered in relation to `scintilla,' the term requires only that the evidence be material, of some substance. A circuit judge ruling on a summary judgment motion or a motion for a judgment as a matter of law will know this distinction and will look for substantial evidence with the correct threshold in mind. A jury, not knowing that `substantial' should be contrasted with `scintilla,' may well think that the requirement of `substantial evidence' requires the plaintiff to prevail by some margin of evidence greater than the mere preponderance of the evidence, which is the true burden of proof."
699 So.2d at 150-51 (footnote omitted).
Justice Houston, dissenting in Ex parte Gradford and joined by three other members of the Court, was of this opinion:
 "After examining the entire jury charge, I am satisfied that even though the trial court's references to `substantial evidence' in connection with the negligence claims were erroneous, those references, when considered in the context of the entire charge, do not rise to the level of reversible error. The trial court clearly charged the jurors that before they could return a verdict for the plaintiff they had to be reasonably satisfied from the evidence that the plaintiff was entitled to prevail. Although the trial court went further in several instances and told the jurors that they had to be reasonably satisfied by `substantial evidence,' the trial court defined `substantial evidence': *Page 1017 
 "`As to the allegation of negligence, the burden is on the plaintiff to prove each and every element of one or more of his claims by substantial evidence. Substantial evidence, members of the jury, is defined as evidence of such weight and quality that fair-minded persons, in the exercise of impartial judgment, can reasonably infer the existence of the fact sought to be proved.'
 "In my view, this merely conveyed to the jurors the obvious — that the plaintiff had to present evidence from which they could reasonably find in his favor and that before they could so find they had to be reasonably satisfied that the plaintiff was entitled to prevail.
 "Although I agree with the majority that the jury did not need to be told that the plaintiff had to prove his case by `substantial evidence,' I nonetheless do not share the majority's concerns that the jurors could reasonably have been confused or misled by having that information. I am not willing to go outside the trial court's charge — to Webster's Third New International Dictionary, for example — to find a basis for concluding that the jurors could have been confused or misled. So far as I know, the jurors did not have a dictionary with them during their deliberations, and I am not willing to assume that the jurors did not understand and follow the law as it was explained to them by the trial court."
699 So.2d at 153-54 (footnote omitted).
In Hayes v. Luckey, 33 F.Supp.2d 987 (N.D.Ala. 1997), the federal district court confronted the effect in a medical-malpractice case of the 1996 amendment to § 6-5-549
which requires the jury to be instructed that in order to return a verdict against the defendant, it "shall be reasonably satisfied by substantial evidence" of both the breach of the standard of care and the requisite level of causation. Noting the difference between a party's "burden of production" relating to the sufficiency of the evidence as tested by pretrial and trial motions for a judgment as a matter of law, and a parties' "burden of persuasion" relating to the weight of the evidence in the estimate of the jury following submission of issues to it, the court emphasized that "the concept of substantial evidence traditionally has been understood purely as a measure for testing the sufficiency of a party's evidence to survive a motion for summary judgment, a motion for judgment as a matter of law, or a motion for judgment notwithstanding the verdict. It never has been employed (at least, notcorrectly employed) as a standard for a party's burden of persuasion when advocating a claim or defense to a jury." 33 F.Supp.2d at 991.
The court went on to explain that the concept of sufficiency of the evidence was addressed to the court's function, not the jury's; "the weight of the evidence" "is usually used to refer to the jury's function and of course the jury is concerned with the weight of evidence at least in the sense of its persuasive effect on their own minds." 33 F.Supp.2d at 991. Nonetheless, the court concluded, it was "unequivocally clear the Alabama Legislature intends `the substantial evidence' standard to be utilized as the plaintiffs burden of persuasion in [medical-malpractice] cases." 33 F.Supp.2d at 993. Accordingly, the court considered itself obliged to apply this Alabama substantive law in the "diversity" action before it, "no matter how ludicrous it may seem." 33 F.Supp.2d at 995. Consequently, the court explained its intention to instruct the jury that the burden was on the plaintiff "to prove by substantial evidence" all of the elements of her claim. *Page 1018 
In Cackowski, supra, the response of the defendant health-care provider to the plaintiffs' medical-malpractice claim included the assertion of the affirmative defense of contributory negligence. On appeal from a judgment entered on a verdict for the defense, the plaintiffs argued that the trial court erred by requiring them "to prove their case by `substantial evidence,'" as mandated by the AMLA, "while the court required [the defendant] to prove its affirmative defense of contributory negligence only to the jury's reasonable satisfaction." 767 So.2d at 327. The plaintiffs argued that such disparate treatment violated their right to due process and equal protection under the United States Constitution and the Alabama Constitution. This Court held that no unconstitutional inequalities would result from proper application of the interaction of § 6-5-549 and § 12-21-12, because the defendant should also have been required to prove its affirmative defense of contributory negligence by substantial evidence; "[b]ecause each side was required to prove its case by substantial evidence" there was no unequal treatment.767 So.2d at 330.
 "[T]he trial court should have made it clear to the jury that each party was required to prove its case by substantial evidence to the reasonable satisfaction of the jury. We recognize that this decision conflicts with our holding in Ex parte Gradford
[699 So.2d 149 (Ala. 1997)]. However, we note that Gradford remains the law except in the relatively rare situation, such as in the present case, where contributory negligence is an issue in a medical-malpractice case."
767 So.2d at 330. In this regard, the Court implicitly equated the definition of substantial evidence found at § 6-5-549
with that in § 12-21-12 as restated in West, consistent with its earlier declarations that the differences between the two definitions were without a distinction.
Finally, in Hutchins v. DCH Regional Medical Center,770 So.2d 49 (Ala. 2000), the Court held that an instruction to the jury advising it, in accordance with § 6-5-549, that the plaintiff must prove her medical-malpractice claim "by substantial evidence" did not violate her equal-protection rights. Only one Justice concurred in that portion of the per curiam opinion, but two other Justices concurred specially as to it and four concurred in the result. In instructing the jury that it should find in favor of the plaintiff if the jury was "reasonably satisfied by substantial evidence" of her entitlement to recover, and that the verdict should be in favor of the defendants if the jury was "not reasonably satisfied by substantial evidence" of the plaintiffs entitlement to recover, the trial court defined substantial evidence using the language of § 6-5-542(5).
As noted earlier, this Court is committed to the proposition that the difference in wording in the "general" definition of substantial evidence in § 12-21-12(d) as reframed by this Court in West, supra, and the AMLA definition in §6-5-549, is a difference without a distinction. In that regard, the Court has obviously understood the word "convince," as used in § 6-5-542(5) to mean simply "persuade." Although "convince" might be understood in some contexts to import a higher degree of certitude or conviction, it also has the accepted meaning of "persuade," so that a requirement to convince someone may properly be understood as a requirement simply to persuade him or her. Thus, particularly in contemporary times, persuade is a synonym for convince. IllOxford English Dictionary, 879 (2d ed. 1989); andRandom House Webster's Unabridged Dictionary, 445 (2d ed. 2001).
At any rate, Edgeworth lodged no objection or criticism with the trial judge about *Page 1019 
the fact that it charged the jury that Edgeworth's burden of proof was "to prove to the jury's reasonable satisfaction by substantial evidence" the truth of her claims before she would be entitled to recover, or the fact that the trial judge advised the jury that substantial evidence was "that character of admissible evidence that would convince an unprejudiced, thinking mind of the truth of facts to which the evidence is directed." Rather, Edge-worth stated to the judge that it was her position that the AMLA "says that the evidence to be considered by the jury is of a higher character or a higher quality." The focus of Edgeworth's objection was that the trial judge had suggested "that the burden of proof is different" in a medical-malpractice case, as contrasted with any other civil case, whereas, in Edge-worth's view, "the burden of proof remains the same." Edgeworth agreed, however, that due to the higher character or higher quality of evidence required by theAMLA, the jury in a medical-malpractice case must be "reasonably satisfied by a [sic] substantial evidence . . . as opposed to reasonably satisfied by the evidence than [sic] in any other civil case."
Rule 51, Ala. R. Civ. P., declares that "[n]o party may assign as error . . . the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless the party objects thereto . . . stating the matter objected to and the grounds of the objection." "`The essential purpose of Rule 51 is to give the trial court an opportunity to correct its instructions and to avoid the waste of time and money from reversals that result from oversight, technical omissions, or remediable mistakes.'" Alewine v. Southern Ry.,531 So.2d 315, 317 (Ala. 1988) (quoting Grayco Res., Inc. v.Poole, 500 So.2d 1030, 1032 (Ala. 1986)). Despite this Court's repeated explanation that the difference in wording between the general definition of substantial evidence and theAMLA definition is a difference without a distinction, Edge-worth advised the trial court that the AMLA
definition required the evidence to be considered by the jury to be "of a higher character or higher quality." As noted, Edgeworth went on to state that the jury in a medical-malpractice action had to be "reasonably satisfied by substantial evidence," whereas the jury in any other civil case had only to be "reasonably satisfied by the evidence."
Against the backdrop of that objection, we review the portion of the jury instruction at issue in the context of the entire instruction; we conclude that, when it is viewed in its entirety, any error of phraseology by the trial judge did not constitute reversible error. That is because in every instance the trial judge explained the supposed difference between the burden of proof in a medical-malpractice action and a "normal" civil case in such a way as to clearly explain that the difference was simply that the plaintiff had to reasonably satisfy the jury by substantial evidence. For example, upon initially advising the jury that in a medical-malpractice action the burden of proof was "a little different," the judge immediately explained that "the burden of proof is upon the plaintiff to reasonably satisfy you by substantial evidence of the truthfulness of the matters and things claimed by her before she would be entitled to recover." The trial judge then explained that normally in a civil action the burden of proof was upon the plaintiff "to only reasonably satisfy you of the evidence." This is exactly the same contrast Edgeworth made in her objection, except that she contended that "the burden of proof remains the same," whereas the trial judge stated colloquially that the difference "bumps it up some." Even though, standing alone, that *Page 1020 
phraseology would be potentially misleading, it nonetheless related back to the immediately preceding explanation, subsequently endorsed by Edgeworth in her objection, that a higher character or quality of evidence was required in a medical-malpractice action, whereby the jury would have to be reasonably satisfied by substantial evidence rather than reasonably satisfied merely by "the" evidence. We need not concern ourselves with whether these attempts to contrast the two standards are accurate in the abstract; we are concerned only with whether the trial court's instruction, viewed in its entirety, represented reversible error in the face of the position taken by Edgeworth in stating her objection, and the grounds for it, to the trial court.
Although we do not approve of the trial court's attempt to calibrate the burden of proof visa-visa criminal case, the normal civil action, and a medical-malpractice action, particularly its statement that the burden of proof in a medical-malpractice action is "higher than to your reasonable satisfaction," the purpose of the manner in which the trial judge then, and every other time, attempted to relate or explain how the burden was "higher" was to contrast the burdens in terms of the additional "substantial evidence" requirement. In other words, immediately following the statement that the burden of proof was "higher than to your reasonable satisfaction," the trial judge reiterated, "Again, the burden is to prove to the jury's reasonable satisfaction by substantial evidence the truth of the matters and things claimed by her before the plaintiff would be entitled to recover." (Emphasis added.)
Admittedly, the trial court was not thereafter accurate in attempting to explain to the jury that in a medical-malpractice action "the burden of proof is up a little bit from" the burden in a normal civil action in which either party would be entitled to a verdict if the evidence was "weighted slightly or heavily" in his or her favor, the requirement in the medical-malpractice action being that "it's got to be more than slightly over 50 percent to slightly over 49 percent. Its got to be more." Nonetheless, the court once again immediately and clearly explained that difference exclusively in terms of the requirement of proof by substantial evidence. That is to say, after telling the jury "[i]t's got to be more," the trial judge stated "I'll explain to you [`]more[']. I'll go ahead now," and he then translated the "more," explaining that "[substantial evidence is that character of admissible evidence that would convince an unprejudiced, thinking mind of the truth of the facts to which the evidence is directed." Ensuring that the jury understood that to be the definition of substantial evidence, the trial judge repeated it to the jury, concluding with the explanation, "O.K. So it's a little different proof in this case because it is a medical malpractice case."
Viewing this charge in its entirety, we determine that all potentially erroneous phraseology used by the trial judge was immediately counteracted by his explanations that the difference in the burden of proof he was trying to communicate related solely to the fact that in a medical-malpractice action the burden was on the plaintiff to prove the truth of the claim to the jury's "reasonable satisfaction by substantial evidence" whereas in a non-medical-malpractice civil action that burden was only to prove the claims to the jury's "reasonable satisfaction by the evidence." Those being the same contrasting standards asserted by Edgeworth in her objection to the trial judge, we cannot condemn as reversible error its use by the trial judge. *Page 1021 
We do not attempt in this opinion to anticipate and address all potential problems that may be associated with jury instructions that, conforming to the affirmative legislative mandate of the last sentence of § 6-5-549, instruct the jury that "in order to return a verdict against a health care provider, the jury shall be reasonably satisfied by substantial evidence that the health care provider failed to comply with the standard of care and that such failure probably caused the injury or death in question." As we explained in Gradford, supra, the substantial-evidence rule traditionally pertains only to rulings by the court on the "question of law" based on the sufficiency of the evidence when those rulings are tested by a motion for a judgment as a matter of law.
As the federal district judge observed in Hayes, supra, quoting from an opinion by one of his fellow judges in that federal district, it is anomalous "`to give to the jury a case which already has passed the court's "substantial evidence" test and then to tell the jury that it can only find for the plaintiff in the event the plaintiff has proven his case by "substantial evidence," which, incidentally, the court has just found to exist.'" 33 F.Supp.2d at 993 (quoting Gallups v.Crook, 792 F.Supp. 1231, 1233 (N.D.Ala. 1992)). Nonetheless, the legislature, as is its prerogative, has required that the jury be so instructed, and we are required in this case to consider only the implications of that requirement in the unique context of the entirety of the charge at issue, when tested by the objection directed to it. Edgeworth states forthrightly in her principal brief that "[a]rgument is not made here for the purpose of asking the Court to address a constitutional conflict presented by the Alabama Medical Liability Act and the general laws of this State concerning evidentiary burdens and the conduct of jury trials." (Edgeworth's brief, pp. 15-16.) However, she takes the position that "[w]ittingly or witlessly the Alabama Legislature intentionally created an evidentiary conflict in civil practice in this State." (Edgeworth's brief, p. 15.)
In consideration of the conceptual anomaly occasioned by the requirement of the last sentence of § 6-5-549 that the jury in a medical-malpractice action be instructed that it can return a verdict against the health-care provider only if it is "reasonably satisfied by substantial evidence" that the health-care provider breached the standard of care and that that breach caused the injuries, the trial court's attempt here to relate and reconcile the applicable standards did not occasion reversible error, when its charge is considered in its entirety. All statements having a tendency to mislead concerning the burden of proof were promptly put in proper context and corrected by the trial judge's technique of immediately following each statement with the explanation that the burden referenced was, in the final analysis, simply Edgeworth's burden to prove her claims to the jury's reasonable satisfaction by substantial evidence.
Edgeworth states in her principal brief that, although not apparent from the transcript of the trial judge's instructions to the jury, the judge "used his hands to illustrate the scales of justice analogy that was given when discussing the burden of proof," and she suggests that oral argument could help this Court "better understand what happened during the trial court's instructions that are not reflected in the record." (Edgeworth's brief, p. 7, p. i.) Edgeworth did not at any time complain to the trial judge concerning any hand gestures, even in the motion for a new trial she later filed to argue extensively concerning the "burden of proof issue she now raises on appeal. Edgeworth has not otherwise attempted to supplement the record to introduce any description of the *Page 1022 
alleged hand gestures through any of the possibly applicable procedures available under Rule 10, Ala. R.App. P. Certainly, this Court could not allow the record to be supplemented by an explanation supplied for the first time at oral argument. The Court is not permitted to consider matters outside the record; therefore, we do not incorporate in our analysis of this issue any speculation concerning possible hand gestures by the trial judge. Etherton v. City of Homewood, 700 So.2d 1374,1378 (Ala. 1997).
The second, and related, contention Edgeworth raises on appeal is that the trial judge reinforced and compounded its erroneous instruction concerning the height of "the persuasion bar" by redundantly charging the jury, for a total of 17 times she says, that it was Edgeworth's burden to reasonably satisfy the jury by substantial evidence. (Edgeworth's brief, pp. 19-20.) Edgeworth's objection in that regard, interposed at the conclusion of the charge to the jury, was phrased only in these terms:
 "We would except as to that portion of the charge that was redundant in several areas and without being specific about which ones. Generally, what I'm talking about is the applicable standard of care and how that should be determined and applied by the jury in deciding whether or not these defendants were negligent or had breached that standard of care.
 "I didn't keep up with it exactly, but you went over that several times in different ways, and my fear is that the jury might be confused about what the issue is there."
It is questionable that this generalized statement satisfies the requirement of Rule 51, Ala. R. Civ. P., that the objection state "the matter objected to and the grounds of the objection." Moreover, in arguing the point in her principal brief, Edgeworth cites no legal authority except in this statement that concludes that portion of her argument:
 "[A] medical malpractice case is a civil case like any other but for the unfortunate provision of Ala. Code § 6-5-549 that requires the court to charge the jury with making a determination concerning the quality of the evidence presented, a requirement that usurps the responsibility of the trial court and embraces concepts that, as pointed out above, is not always simple for an untrained mind to comprehend. (See Lyons v. Walker Regional Medical Center, Inc., 868 So.2d 1071, 1085 (Ala. 2003))."
(Edgeworth's brief, p. 20.) At face value, this statement does not seem to have anything to do with redundancy in a jury instruction, and, additionally, we find nothing on the cited page of Lyons v. Walker Regional Medical Center, Inc.,868 So.2d 1071 (Ala. 2003), relating to the statement. Rule 28(a)(10), Ala. R.App. P., requires that the argument portion of a party's appellate brief include "citations to the cases, statutes, other authorities, and parts of the record relied on," and that "[citations shall reference the specific page number(s) that relate to the proposition for which the case is cited." We are unable to address the merits of a particular argument when the party asserting it presents no authorities in support of it.Crutcher v. Wendy's of North Alabama, Inc.,857 So.2d 82, 97 (Ala. 2003).
At any rate, at least six of the statements in the jury instructions to the effect that Edgeworth had the burden to reasonably satisfy the jury by substantial evidence were occasioned by the fact that the same statements were contained in written charges requested by Edgeworth, which the trial court gave. For example, in Edgeworth's requested charge no. 20, that burden was stated three times, and substantial evidence was defined as "that character of admissible evidence that *Page 1023 
would convince [the] unprejudiced thinking mind of the truth of the fact to which the evidence is directed." At the charge conference conducted by the trial court, all of the respective written charges requested by Edgeworth or the defendants were reviewed by the court seriatim, and they contained multiple references to the requirement that the jury must be reasonably satisfied by substantial evidence before it could return a verdict for Edgeworth. Edgeworth did not object to the repetition of those references, although she did twice comment about other supposed redundant features of the charge. In stating that one of the charges requested by the defendants was "part" of a charge requested by Edgeworth, she stated "we have no objection to it, but it is redundant." At another point she commented concerning the fact that one of the defendants' requested charges overlapped one of the other charges, albeit not with respect to the concept of substantial evidence, that "it's redundant, but it's not objectionable, except to its redundancy."
Taking all of this into consideration, we do not consider Edgeworth to have preserved at the trial court level or to have adequately presented at the appellate court level any issue relating to possible excessive redundancy in the jury instructions concerning the requirement for proof by substantial evidence.
 Conclusion
Edgeworth has not demonstrated reversible error in connection with either of the issues she has asserted on appeal; therefore, we affirm.
AFFIRMED.
NABERS, C.J., and SEE, STUART, and BOLIN, JJ., concur.
[1] Mr. Hunter served as the Governor's special counsel on tort reform.